Frank STEWART

v.

Charles H. DAMERON, District Attorney ad hoc, East Baton Rouge Parish, Sargent Pitcher, District Attorney, East Baton Rouge Parish, Honorable John Covington, Judge, 19th Judicial District Court, Captain Leroy Watson, Sheriff's Department, East Baton Rouge Parish, and James Lee Moore (alias Tiny Tim).

Civ. A. No. 70–131.

United States District Court, E. D. Louisiana, Baton Rouge Division.

Jan. 29, 1971.

Benjamin E. Smith, New Orleans, La., for plaintiff.

Emile C. Rolfs, III, Baton Rouge, La., for Charles H. Dameron.

Cheney C. Joseph, Jr., Ralph L. Roy, Baton Rouge, La., William M. Shaw, Homer, La., for Sargent Pitcher, Jr.

Carlos G. Spaht, Baton Rouge, La., for Sargent Pitcher, Jr. and Judge John S. Covington.

Joseph F. Keogh, Baton Rouge, La., for Captain Leroy Watson and Sargent Pitcher, Jr.

WEST, Chief Judge:

Plaintiff, Frank Stewart, is presently under indictment in the Parish of East Baton Rouge, Louisiana, charged with violation of LSA–R.S. 14:26–14:30, as amended, i. e., conspiracy to commit murder. The indictment returned by the Grand Jury in East Baton Rouge Parish, Louisiana, on April 1, 1970, charges that the plaintiff herein, Frank Stewart, and one Alphonse James Snedecor did, on or about March 15, 1970, "willfully and unlawfully conspire together to murder one Woodrow W. Dumas." Mr. Dumas is the Mayor President of the City of Baton Rouge and Parish of East Baton Rouge, Louisiana. After plaintiff was so charged, the State Court set his bail at $100,000 and refused, upon plaintiff's request, to reduce it. Plaintiff then applied to this Court for a reduction in bail, and after hearing arguments, this Court, considering the bail to be excessive under the circumstances, ordered it reduced. Plaintiff was then released on his own recognizance and thus remains at liberty at the present time. He now applies to this Court for injunctive relief and asks that the State Court be permanently restrained from further prosecuting him under this indictment. He alleges that he seeks this injunction particularly under the provisions of 42 U.S.C.A. § 1983, and generally under the provisions of Amendments I, IV, V and XIV to the United States Constitution. Jurisdiction is alleged under 28 U.S.C.A. § 1443 and § 1343.

Plaintiff contends that the proposed prosecution is entirely without substance; is politically motivated; and is intended to suppress plaintiff's First Amendment rights to freely speak within the black community. He further contends that this prosecution began and proceeds without any real intent to punish criminal activities on the part of the plaintiff and has as its real intent the

misuse of prosecutorial power of the District Attorney for the purpose of suppressing the efforts of the Negro community of Baton Rouge, Louisiana, to exercise their right to "self-government, free speech, free assembly, self-determination, and human dignity". In opposition to the issuance of an injunction, defendants contend first that injunctive relief is specifically barred in this case by the express provisions of 28 U.S.C.A. § 2283, and secondly, that if Section 2283 does not expressly, on its face, bar the issuance of an injunction in this case, the interpretation of that statute by the United States Supreme Court, when applied to the facts of this case, preclude the issuance of an injunction herein.

Title 28, U.S.C.A., Section 2283 provides as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The plaintiff relies heavily on the fact that the Supreme Court of the United States ordered the issuance of an injunction prohibiting prosecution by the State of Louisiana in the case of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). But the circumstances of *Dombrowski* are far different from those in the present case. *Dombrowski* was a suit for declaratory judgment and injunctive relief restraining the State of Louisiana from "prosecuting or threatening to prosecute" for alleged violation of the Louisiana Subversive Activities and Communist Control Law. LSA–R.S. 14:358–14:373. That case involved a situation where the homes and the offices of the plaintiffs had been raided by State authorities and certain literature seized. As a result of the raid and the seizure, the plaintiffs were threatened with prosecution for allegedly violating the Louisiana Subversive Activities and Communist Control Laws. Such a prosecution had, as its object, the prosecution of the plaintiffs for distributing or attempting to distribute certain literature and also to prevent the further distribution of certain literature by the plaintiffs. Obviously, there was, on the face of those proceedings, immediately raised the question of whether or not the prosecution or threatened prosecution by the State of Louisiana was for the purpose of preventing criminal activity or was instead for the purpose of depriving the plaintiffs of their First Amendment rights to freedom of expression. The Supreme Court of the United States concluded that even the pendency of such proposed litigation would have a "chilling effect" on the plaintiffs' exercise of their First Amendment rights and thus ordered that an injunction be granted. In the course of its opinion the Court, in Dombrowski v. Pfister, supra, 380 U.S., at 485–490, 85 S.Ct., at 1120–1122, said:

"But the allegations in this complaint depict a situation in which defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights. They suggest that a substantial loss or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination. These allegations, if true, clearly show irreparable injury.

"A criminal prosecution under a statute regulating expression usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms.

\* \* \* \* \* \*

" \* \* \* We hold the abstention doctrine is inappropriate for cases such as the present one where, \* \* \*, statutes are justifiably attacked on their face as abridging free expression, or as applied for the purpose of discouraging protected activities."

Later, in commenting on the possible extent of *Dombrowski*, the United States Court of Appeals for the Fifth Circuit, in Sheridan v. Garrison, 415 F.2d 699,

703–704 (C.A. 5–1969), said that *Dombrowski*

" * * * indicates that the immediate vindication of first amendment rights clearly and actually abridged by illegal state action may supersede the principle of comity between the federal and state judicial systems."

" * * * [T]he Supreme Court has not yet decided the question whether § 2283 is a bar to injunctive relief in meritorious *Dombrowski* cases when suit has already begun. Moreover, the decisions of the lower courts are split. *Compare,* e. g., Baines v. City of Danville, 4th Cir. 1964, 337 F.2d 579, cert. denied [Chase v. McCain], 1965, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 and Goss v. Illinois, 7th Cir. 1963, 312 F.2d 257 (holding that 2283 *is* a bar) with Cooper v. Hutchinson, 3d Cir. 1950, 184 F.2d 119 and Machesky v. Bizzell, *supra,* [5 Cir., 414 F.2d 283] (holding that 2283 is *not* a bar)."

"Despite the disagreement of the circuits on this issue, however, the decisions of this Circuit, taken alone, furnish a clearer guide. They indicate that 2283 is an enactment of the principle of comity and that its prohibitions may be overcome by a showing of *Dombrowski* facts even though a state proceeding is under way."

But since *Sheridan,* the United States Supreme Court has further clarified the scope of Section 2283. In Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970), the Court held:

"On its face the present Act [Section 2283] is an absolute prohibition aaginst [sic] enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions. The respondent here has intimated that the Act only establishes a 'principle of comity,' not a binding rule on the power of the federal courts. The argument implies that in certain circumstances a federal court may enjoin state court proceedings even if that action cannot be justified by any of the three exceptions. We cannot accept any such contention. * * * 'Legislative policy is here expressed in a clear cut prohibition qualified only by specifically defined exceptions.' * * * Since that time Congress has not seen fit to amend the statute and we therefore adhere to that position and hold that any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld. * * * [T]he exceptions should not be enlarged by loose statutory construction. Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."

Thus, it is now clear that contrary to what was said by the Court of Appeals in Sheridan v. Garrison, supra, Section 2283 is *not* merely "an enactment of the principle of comity," nor can its prohibitions be overcome in any other way than by a factual finding that injunctive relief is justified by one or more of the express exceptions contained therein.

■■■ There is, of course, no contention here that injunctive relief would be necessary in aid of this Court's jurisdiction or to protect or effectuate its judgments. And since this action is brought specifically under the provisions of Title 42, U.S.C.A., § 1983, and generally under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, it cannot be argued that in this case injunctive relief has been "expressly authorized by Act of Congress" because it simply has not. Thus, under the teaching of Atlantic Coast Line Railway Company v. Brotherhood of Local Engineers, supra, for an injunction to issue herein, the plaintiff must show that the case falls within one of the three exceptions specifically enumerated in Section 2283. This he has failed to

do. Since the grounds relied upon by the plaintiff in his request for an injunction do not fall within any of those specifically defined exceptions, it is the opinion of this Court that it has no authority to issue the requested injunction.

But even if we should conclude, which we do not, that a finding of the "special circumstances" referred to in *Dombrowski* could somehow warrant the issuance of an injunction in a case grounded on 42 U.S.C.A. § 1983, we would still have to conclude that the facts of this case would neither warrant, nor justify the issuance of an injunction.

Plaintiff is charged with conspiracy to commit murder. He was charged by way of grand jury indictment. Part of the evidence presented to the grand jury consisted of tape recordings, and/or transcripts thereof, which had been obtained by continued investigation and surveillance conducted by members of the Baton Rouge City Police Force. The tapes were apparently obtained by an undercover agent who from time to time planted a recorder in an automobile in which the plaintiff and others were riding. The transcripts of these tapes have been produced and filed with this Court and have been inspected in camera. There can be no doubt but that in this case the grand jury had probable cause to return a true bill charging the plaintiff with conspiracy to commit murder. The question of guilt or innocence is, of course, for the proper State Court to decide. There is no indication in the evidence presented to the grand jury which indicted this plaintiff that an abuse of prosecutorial power was involved, nor was there any indication in the evidence presented that the indictment was being sought for the ulterior purpose of stifling plaintiff's First Amendment rights. There was ample evidence presented to that grand jury to justify their conclusion that probable cause, sufficient to ground an indictment, did, in fact, exist.

As pointed up in plaintiff's complaint herein, it is common knowledge that certain civil rights leaders in this community have been engaged for some time in a running feud with the District Attorney. Plaintiff now leans upon this fact to argue that the indictment returned against him was sought and obtained by the District Attorney for the ulterior purpose of stifling plaintiff's civil rights activities. The evidence presented to the grand jury and inspected by this Court in camera belie that argument. As a matter of fact, the evidence before this Court shows that the District Attorney's office did not even know about this matter until a week after the Baton Rouge Police Department began its investigation and surveillance. Furthermore, after the indictment was returned, the District Attorney recused himself and Judge John Covington, of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, appointed Mr. Haywood Dameron, an Assistant District Attorney from adjoining West Baton Rouge Parish, to handle this prosecution. Mr. Dameron testified before this Court that prior to this appointment he had never seen or heard of this plaintiff and that in his many years as an Assistant District Attorney he has never seen a file that offered more justification for prosecution than did this one. Mr. Dameron stated before this Court, under oath, that to his knowledge he had never seen nor heard of this plaintiff before he was appointed in this case, and that as of this time "I don't know what this man's views are; I have never heard of him before." Mr. Dameron further stated, under oath before this Court, in answer to the question of whether or not this prosecution was proceeding for any political or other ulterior purpose "that if they (plaintiff or his attorney) will ever present to me any plausible evidence to the effect that that is the purpose of this prosecution, there won't need to be any injunction filed in the federal court, because that case will be dropped promptly. * * * I don't

prosecute people for political reasons; I have never done it, and I don't intend to start now." In view of the evidence presented to the grand jury which indicted plaintiff, and in view of the evidence which has been inspected in camera by this Court, there is every reason to believe the assertions made by Mr. Dameron, the attorney appointed to prosecute this case. The facts in this case bear no resemblance to the facts in the *Dombrowski* case. The fact of mere allegations by a plaintiff that his constitutional rights have allegedly been infringed, standing alone, is not enough to come within the "chilling effect" exception to the rule that Federal Courts will not generally enjoin State Court prosecutions. Shaw v. Garrison, 293 F.Supp. 937 (E.D.La.1968), affirmed 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392. In *Dombrowski*, there were more than mere allegations that constitutional rights were possibly being infringed. The attack in that case was upon a statute which, on its face, was capable of abridging free expression. Thus, careful scrutiny was required to determine whether or not the enforcement of the statute would have a "chilling effect" on the exercise of First Amendment rights. Where a State statute is justifiably attacked on its face as abridging free expression, or as being applied for the purpose of discouraging protected activities, the Federal Court should, of course, exercise its jurisdiction and if such allegations are proved, federal equitable relief is justified. Landry v. Daley, 288 F.Supp. 200 (N.D.Ill.1968). We are not dealing here with an alleged violation of a statute which, on its face, is susceptible of unduly or improperly infringing upon First Amendment rights. We are dealing in this case with an indictment under a statute which simply makes it illegal to conspire to commit murder. Except for the normal consequences of violation of such a statute, it cannot be said that this statute, on its face, can be used for the purpose of abridging First Amendment rights in the sense that a subversive activities and community con-

trol law can be used. Federal Courts should intervene and enjoin State officials from instituting and prosecuting criminal actions only when necessary to protect constitutional rights and where there is a clear and present danger of irreparable harm in the absence of such intervention. Brooks v. Briley, D.C., 274 F.Supp. 538, affirmed 391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647. In the present case, there is no danger of such irreparable harm, nor is there need for the Federal Court to intervene to protect a constitutional right. The plaintiff is in no way prohibited by the pendency or the prosecution of the pending case from exercising either his First Amendment rights or any other constitutional rights. The existence of this particular proposed prosecution is simply not so directly connected with plaintiff's First Amendment rights as to constitute a "Dombrowski" type "chilling effect."

For these reasons, plaintiff's demand for injunctive relief will be denied and this suit will be dismissed. Judgment will be entered accordingly.