Frank STEWART, Plaintiff-Appellant,

v.

Charles H. DAMERON, District Attorney ad hoc, East Baton Rouge Parish, et al., Defendants-Appellees.

No. 71–1483

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1971.

---

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

Benjamin E. Smith, New Orleans, La., for plaintiff-appellant.

Emile C. Rolfs, III, Baton Rouge, La., Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, La., for Charles H. Dameron, Dist. Atty., Ad Hoc, defendant-appellee.

Cheney C. Joseph, Jr., Ralph L. Roy, Baton Rouge, La., for Sargent Pitcher.

Carlos G. Spaht, Baton Rouge, La., for John S. Covington,

Joseph F. Keogh, Baton Rouge, La., William M. Shaw, Homer, La., for Capt. Watson & Sargent Pitcher.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

INGRAHAM, Circuit Judge:

Plaintiff-appellant Stewart brought this action seeking injunctive relief and damages under the United States Constitution and 42 U.S.C. § 1983, against defendants-appellees, who are various law enforcement officers for the Parish and City of Baton Rouge, Louisiana. Plaintiff, a VISTA worker active in a black community in the Baton Rouge area, alleged that he was a victim of a police conspiracy to entrap him. Plaintiff sought to enjoin the defendants from further state court prosecution on a pending charge of conspiracy to commit murder.

The district court, after holding a hearing on the merits, denied the injunctive relief sought and dismissed plaintiff's suit, 321 F.Supp. 886. At this hearing the district court placed the burden of proof on the State to prove the good faith of its prosecution, and plaintiff Stewart was not allowed to put on any evidence concerning his allegations of bad faith prosecution and harassment. In essence, the court placed the entire burden of proof on the prosecution, a move to which both parties disagreed.[1]

We hold that the district court erred by placing the burden of proof on the defendants. Accordingly, we vacate and remand for reconsideration in light of Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971), and for the appropriate evidentiary hearing required thereby, in which plaintiff shall be allowed to introduce evidence regarding his allegations of bad faith prosecution and harassment.

Vacated and remanded.

---

1. The attorney for defendant Dameron told the court:
"My appreciation of the law, your Honor, is that in a matter such as this, the plaintiff would be required to put on any evidence that he may have with respect to improper motivation of the prosecuting attorney."