Frank STEWART, Plaintiff-Appellant,

v.

Charles H. DAMERON, District Attorney
ad hoc, East Baton Rouge Parish,
et al., Defendants-Appellees.

No. 71-3482.

United States Court of Appeals,
Fifth Circuit.

June 2, 1972.

For opinion on remand, see 345 F.
Supp. 1086.

Benjamin E. Smith, Smith & Scheuer-
mann, New Orleans, La., for plaintiff-
appellant.

Carlos G. Spaht, Baton Rouge, La., for
John S. Covington.

Emile C. Rolfs, III, Durrett, Hardin,
Hunter, Dameron & Fritchie, Baton
Rouge, La., for Charles H. Dameron,
Dist. Atty. ad hoc, defendant-appellee.

Carlos G. Spaht, Baton Rouge, La.,
William M. Shaw, Homer, La., Joseph F.
Keogh, Ralph L. Roy, Cheney C. Joseph,
Jr., Baton Rouge, La., for Sargent
Pitcher, Jr., and Leroy Watson, defend-
ants-appellees.

Before WISDOM, GOLDBERG and
CLARK, Circuit Judges.

PER CURIAM:

In April of 1970 a grand jury in East
Baton Rouge Parish, Louisiana, re-
turned an indictment charging the plain-
tiff, Frank Stewart, with conspiring to
murder the mayor of Baton Rouge, Lou-
isiana. Pursuant to the provisions of 42
U.S.C.A. § 1983 and various amendments
to the United States Constitution, Frank
Stewart instituted the present action in
a federal district court, seeking injunc-
tive relief and damages against the vari-
ous state officials responsible for the
plaintiff's prosecution on the charge of
conspiracy to commit murder. In his
complaint, Stewart alleged that the state
prosecution against him was entirely
without substance, that the prosecution
was being conducted by the various de-
fendants in bad faith, and that the real
intent of the state prosecution was to
harass the plaintiff. Pursuant to the
dictates of Dombrowski v. Pfister, 1965,
380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d
22, the district court ordered an eviden-
tiary hearing on the plaintiff's request
for an injunction restraining the state
prosecution. At that hearing the dis-
trict court permitted the state defend-
ants to prove the good faith nature of
the prosecution against Stewart, but de-
nied the plaintiff an opportunity to in-
troduce any evidence concerning his alle-
gations of bad faith and harassment.
The conclusion of the district judge at
this first hearing was that the defend-
ants had reasonable cause to believe that
Frank Stewart had committed a crime
against the State of Louisiana. On ap-
peal from the original hearing, this
Court remanded the case for reconsider-

ation in light of Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669, and ordered the district court to conduct another evidentiary hearing for the purpose of allowing the plaintiff to introduce evidence regarding his allegations of bad faith and harrassment. Stewart v. Dameron, 5 Cir. 1971, 448 F. 2d 396. Pursuant to the mandate of this Court, another evidentiary hearing was held, and at the conclusion of that proceeding the district court found that the plaintiff failed to show any bad faith prosecution or harassment which would justify enjoining the defendants from prosecuting Stewart in a state criminal proceeding. Therefore, the district court denied the requested injunction.

On this appeal, the plaintiff alleges that several errors were committed by the trial court with regard to the second evidentiary hearing. One of those errors concerns evidence which the defendant introduced and which was relied upon by the trial judge in making his factual determination. Essentially, the state's case against the plaintiff is founded principally upon tape recordings which allegedly contain the voice of the plaintiff and reveal his direct participation in the conspiracy to commit murder. The record before this Court reflects that these tape recordings were not submitted to the trial judge. Rather, the defendants submitted for in-camera inspection a transcript of the tapes. The district court's finding to the effect that the state prosecution against Frank Stewart was not undertaken by the defendants in bad faith or for the purpose of harassment was based principally upon the in-camera inspection of the transcripts of the tape recordings, and the district judge himself stated that he never listened to the tapes. Before we undertake appellate review of this latter hearing, we think it necessary that the trial court position its findings on firm evidentiary terrain. The transcripts of the tape recordings reviewed by the trial judge represent simply what the defendants contend can be heard on the tapes themselves. Admitting that the plaintiff has a heavy burden to establish either prosecutorial bad faith or harassment, we think he is nonetheless entitled to a hearing conducted in conformity with constitutional provisions and those traditional rules of evidence that have been engrained in our legal system by statute or common law. Without elaboration of these pertinent rules of evidence and the plaintiff's due process rights in the presentation and decision of his case, it is axiomatic that the trial judge should have listened to the actual tape recordings before concluding that they supported the defendants' contentions that Stewart was being prosecuted in good faith and negated the plaintiff's allegations of bad faith and harassment. Accordingly, the case is remanded to the district court for in-camera inspection of the tape recordings.

Remanded with directions.