**Frank STEWART**

v.

**Charles H. DAMERON, District Attorney ad hoc, East Baton Rouge Parish, et al.**

**Civ. A. No. 70–131.**

United States District Court,
M. D. Louisiana.

July 28, 1972.

Benjamin E. Smith, New Orleans, La., for plaintiff.

Emile C. Rolfs, III, Baton Rouge, La., for Charles H. Dameron.

Cheney C. Joseph, Jr., Baton Rouge, La., for Sargent Pitcher, Jr.

Carlos G. Spaht, Baton Rouge, La., for Sargent Pitcher, Jr. and Judge John S. Covington.

Joseph F. Keogh, Baton Rouge, La., for Captain Leroy Watson and Sargent Pitcher, Jr.

E. GORDON WEST, District Judge:

Plaintiff, Frank Stewart, is under indictment in the Parish of East Baton Rouge, Louisiana, charged with conspiracy to commit murder in violation of L.S.A.–R.S. 14:26–30. He applied to this Court in June of 1970 for an injunction prohibiting the State of Louisiana from prosecuting him, alleging that the proposed prosecution was not being conducted in good faith, but was instead politically and/or racially motivated. A hearing was held before this Court on November 9, 1970, and after hearing extensive testimony, for written reasons filed in the record hereof, injunctive relief was denied, 321 F.Supp. 886. Some eleven months thereafter, the Fifth Circuit Court of Appeals reversed, 448 F.2d 396, on the very technical ground that this Court should have made the plaintiff carry the burden of proving political or racial motivation instead of making the defendant carry the burden of proving lack of such motivation, even though the procedure followed by this Court was more favorable to the plaintiff, and certainly more onerous on the defendant. So, on remand, this Court, on November

1, 1971, held another full scale evidentiary hearing, requiring the plaintiff to carry the burden of proving his allegations. After both hearings this Court had before it, for an in camera inspection, a complete stenographic transcript of certain tape recordings that had been presented to and heard by the Grand Jury which indicted Stewart. This transcript, furnished the Court at the Court's request, by the District Attorney for the Parish of East Baton Rouge, Louisiana, and certified by him to be a true transcript of the tapes, was carefully studied by this Court in camera. After the second hearing, and after carefully studying the transcript of the tapes involved, for written reasons again filed in this record, this Court again denied the plaintiff's requested injunctive relief. After two hearings before this Court, in one of which the defendant overwhelmingly proved lack of political, racial or bad faith prosecution, and in the other of which the plaintiff completely and totally failed to prove political, racial or bad faith prosecution, this Court concluded that "if the prosecuting authorities of the State of Louisiana did not prosecute this case, they would be derelict in their duty." This opinion was filed on December 15, 1971. Plaintiff again appealed, and this time, on June 26, 1972, the Fifth Circuit Court of Appeals, 460 F.2d 278, by mandate, again delayed the State's prosecution and even delayed appellate review of this Court's second hearing on the ground that this Court should not have read the transcripts of the tapes in question but should have listened to the tapes themselves. It was, apparently, error for this Court to accept the sworn testimony of the District Attorney to the effect that the transcript in question was, in fact, a transcript of the tapes involved. Well, this Court has now listened to all three tapes, and I feel sure that when the Judges of the Appellate Court listen to them, as I am sure they will, that they will conclude, just as this Court does, that as far as was humanly possible, the transcript reflected what is on those tapes, and that what is on those tapes more than justifies what is obviously a good faith prosecution in this case.

The State of Louisiana has a right to proceed with this criminal prosecution. She has been prevented by the Federal Courts from doing so for over two years. The defendant has a constitutional right to a speedy trial, and the Federal Courts should be the last ones to deny him that right. But yet they do so. If ever there was a case where, from the beginning, over two years ago, the record overwhelmingly supported the right of the State of Louisiana to prosecute, this is the one.

Therefore, for the reasons previously set forth in the two prior opinions of this Court, and for the additional reasons set forth herein, the petition of Frank Stewart for an injunction enjoining the State of Louisiana from continuing with their proposed prosecution will be denied, and another judgment to that effect will be immediately entered herein.