John H. HUNT, et al., etc., Plaintiffs-Appellants,

v.

George RODRIGUEZ, Jr., etc., et al., Defendants-Appellees.

No. 71–3394.

United States Court of Appeals, Fifth Circuit.

June 30, 1972.

Rehearing Granted In Part and Rehearing En Banc Denied Oct. 4, 1972.

Mel S. Friedman, W. B. (Bennie) House, Jr., Houston, Tex., of Maley & Friedman, Houston, Tex., for plaintiffs-appellants.

Travis White, City Atty., John C. Ross, Jr., Wade Adkins, Paul Echols, Asst. City Attys., Larry Mathews, George Rodrigues, Jr., County Atty., Alan Nasits, Frank S. Ainsa, Asst. City Atty., El Paso, Tex., for plaintiff-appellee.

Before DYER, Circuit Judge, and SKELTON, Judge *, and INGRAHAM, Circuit Judge.

DYER, Circuit Judge:

Hunt, Hogervorst, and Waconda sought a three judge district court and declaratory and injunctive relief against pending and threatened criminal prosecution in a Texas state court, alleging, *inter alia,* the unconstitutionality of a state statute used in obtaining their indictment, arrest, and the confiscation of their property. The district court dismissed the complaint following a hearing on defendants' motion to dismiss, finding that plaintiffs had failed to establish great and immediate irreparable injury to justify federal intervention under the doctrine of Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 and its progeny. Appellants urge on appeal that only a three judge district court is empowered to make the *Younger* determination, that they were denied procedural due process by insufficient notice of their evidentiary bur-

den under *Younger* at the hearing, and finally that reversal is required because of bias against them on the part of the district judge. We have concluded that these contentions are without merit and affirm.

On June 28, 1971, police officers in the city of El Paso filed affidavits with a local Justice of the Peace, alleging that Hunt, Hogervorst, and Waconda had under their control, with intent to distribute, obscene printed materials in three book stores operated by them in the city. The officers sought warrants authorizing a search of the stores, seizure of obscene materials found in them, and the arrest of the appellants, who were named in the affidavits. Previously, the officers had purchased one magazine in each of the three stores and presented them to the Justice of the Peace to establish probable cause to secure the search-arrest warrants. On the basis of the affidavits, and without a prior adversary hearing on the issue of obscenity, the Justice of the Peace then issued the search-arrest warrants. The police raided the three bookstores and emptied the shelves, confiscating over 10,000 items of press materials together with portions of the business records of each store. The next day complaints were filed against the three appellants and new warrants issued for their arrest which were immediately executed.

Appellants filed suit in the court below for declaratory and injunctive relief, return of property, and money damages against the Chief of Police of El Paso, the county attorney, and members of the vice squad who participated in the confiscation. They alleged that defendants, acting under color of state law, i. e., Vernon's Ann.Texas Code of Criminal Procedure, Article 18.01, had deprived them of their federal rights, privileges and immunities, in violation of 42 U.S. C.A. §§ 1983 and 1985, and unlawfully confiscated their press materials without a prior adversary hearing on the issue of obscenity in violation of due process

---

of law under the First and Fourteenth Amendments. They sought a declaration that the search warrants and seizures were violative of the First, Fourth, and Fourteenth Amendments, and that Article 18.01 of the Code of Criminal Procedure, upon which they were based, was unconstitutional on its face. They sought temporary and permanent injunctions restraining defendants from attempting such searches and seizures under Article 18.01 in the future, or in any other way interfering with their possession and distribution of constitutionally protected publications; from making any future arrests; or from pursuing their present or future prosecution until the constitutionality of the actions complained of had been finally determined. Appellants requested that a three-judge district court be convened to hear and decide the issues presented by the complaint pursuant to the provisions of 28 U.S.C.A. §§ 2281 and 2284. Finally, appellants alleged that they had suffered great and immediate irreparable injury which could not be eliminated by the defense of the state criminal proceeding against them.

Cognizant of their *Younger* burden, appellants filed with their complaint a motion for an evidentiary hearing to establish great and immediate irreparable injury. Subsequently, defendants filed a motion to dismiss on the ground that federal abstention was appropriate since Article 18.01 had not been authoritatively construed by the Texas courts. Without referring to appellants' motion for an evidentiary hearing on the *Younger* issue, the district court set a hearing on the motion to dismiss. At the hearing the court permitted the defendants to adduce evidence on the *Younger* issue over the appellant's objections that this was a matter properly to be determined by a three-judge court, and that, in any event, the appellants had received no notice that evidence was to be presented at the hearing.

■ The lack of notice that the hearing would not only encompass the legal sufficiency of the complaint but also consider evidentiary sufficiency under *Younger* gives us little pause. The appellants were present and testified. The only other evidence that they said they desired to present were the affidavits, warrants, and returns in connection with the searches conducted. These were made available and introduced into evidence. In response to the Court's inquiry, the appellants said they had no witnesses. The appellants had full opportunity to present all evidentiary matters bearing upon the *Younger* issue and have shown no prejudice because of insufficiency of notice of the subject of the hearing.

The court granted the defendants' motion to dismiss on the ground that plaintiffs had failed to prove the existence of great and immediate irreparable injury. The court declined to request the empanelling of a three-judge district court, to consider the other constitutional issues, or to consider the claim for money damages. The motion for return of the confiscated property was not acted upon.

■■ We agree that a three-judge district court was not required to be constituted to make the *Younger* determination in this instance. The questions of great and immediate irreparable injury and of bad faith harassment are properly resolved by a single judge. He must find the facts and conclude whether they are sufficient to justify federal court intervention in state proceedings, pending or threatened. *See* Stewart v. Dameron, 5 Cir. 1972, 460 F.2d 278. A determination by a single district judge that *Younger* bars federal intervention against pending state criminal prosecutions makes unnecessary and inappropriate further federal consideration of a constitutional issue by a three-judge court. Where plaintiffs sustain their *Younger* burden, however, equitable relief and constitutional claims, if appropriate under 28 U.S.C.A. § 2281, must be considered by a three-judge district court.

■ We also agree with the finding of the district court that appellants

failed to show great and immediate irreparable injury. The basis for such a showing was said to be that the defendants' actions completely and permanently placed the appellants out of business. At the time of the hearing, however, appellants were operating one book store and expected to reopen the other two within a month. Furthermore, there was no showing of bad faith harassment by the defendants. *See* Younger v. Harris, *supra*; Perez v. Ledesma, 1971, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701; Peoples v. City of Birmingham, 5 Cir. 1971, 440 F.2d 1352; Duncan v. Perez, 5 Cir. 1971, 445 F.2d 557. Plainly, as the district court held, appellants "can fully assert their claims of the unconstitutionality of the state statute in the state courts as part of their defense of the criminal charges presently pending against them." *See* Younger v. Harris, *supra*, 401 U.S. at 46, 91 S.Ct. 746.[1]

 Finally, appellants assert that the court below evidenced such bias, prejudice, and bigotry against them that their right to a fair trial by a fair tribunal was violated. We have meticulously read and studied the record and, while we observe that the trial court's interrogation of the appellants went beyond the areas of the issues to be determined, we do not find that the hearing was conducted in an oppressive manner or that the court's rulings were unduly limiting, arbitrary, or capricious. In short, the record fails to disclose any personal bias or prejudice by the court against appellants. *See* Davis v. Cities Service Oil Co., 8 Cir. 1970, 420 F.2d 1278; Knapp v. Kinsey, 6 Cir. 1956, 232 F.2d 458.

Having found that the court should not exercise its jurisdiction under *Younger*, it should have relinquished custody of the confiscated property to state authorities so that it may be appropriately dealt with by the state court. We direct that this be done.

Affirmed.

---

1. We expressly disapprove the district court's findings based upon the "clean hands" doctrine. The court's interrogation of the plaintiffs concerning the manner in which they acquired the books was irrelevant to the issue of bad faith harassment, and their invocation of the Fifth Amendment cannot be used by the court to draw an assumption that appellants were violating the federal criminal law and therefore could not invoke the equity jurisdiction of the court.

Neither do we regard this as a case for abstention as did the lower court. The principles of abstention and *Younger*-type non-intervention are entirely dissimilar. *See* Lake Carriers' Association v. MacMullan, 1972, 404 U.S. 982, 92 S.Ct. 450, 30 L.Ed.2d 366, 85 Harv.L. Rev. 308, n. 39.