LITERATURE, INC., et al., Plaintiffs-Appellants,

v.

Robert H. QUINN et al., Defendants-Appellees.

No. 73-1074.

United States Court of Appeals, First Circuit.

Argued May 7, 1973.

Decided July 26, 1973.

Mitchell Benjoya, Boston, Mass., with whom Zisson & Benjoya, Boston, Mass., and Dennis J. LaCroix were on brief, for appellants.

Lawrence J. Ball, Asst. Corp. Counsel, Boston, Mass., with whom Nicholas Foundas, Asst. Corp. Counsel, Robert H. Quinn, Atty. Gen., Charles E. Chase, Asst. Atty. Gen., Garrett H. Byrne, Suffolk County Dist. Atty., and Louis M. Nordlinger, Asst. Dist. Atty., Boston, Mass., were on brief for appellees.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

On February 1, 1973, appellants, the owner and employees of two bookstores in Boston, brought this suit seeking to enjoin enforcement of c. 272, § 28A, Mass.Gen.Laws (making criminal the possession with intent to sell and sale of obscene material), including the criminal proceedings against appellants presently pending trial *de novo* in the Suffolk County Superior Court for violations of that statute arising out of a series of arrests and accompanying warrantless seizures over a period of 18 months.[1] They alleged that the statute was unconstitutional on its face, that the arrests, searches and seizures were illegal, being made without warrants or advance adversary hearings, that appellants were being harassed by this series of ongoing arrests and seizures, that this harassment will deprive appellants of their federal rights and of their business and livelihoods without due process, and that they had no adequate remedy at law. The complaint requested the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281, 2284, a declaration of the unconstitutionality of the statute, and a preliminary and permanent injunction preventing the appellees from taking any action to enforce the statute. On the same day, the appellants filed a motion for a temporary restraining order, a motion for a prelimi-

---

1. The original complaint alleged six arrests over a period from May 3, 1971 to November 28, 1972, four of them in the period between February 15 and May 15, 1972. In each case, between five and fifteen items were allegedly seized by the arresting officer without a warrant. Multiple complaints were filed in most cases. Two complaints were filed against the appellant-owner Literature, Inc., as a result of the arrest of employee Gurion, not a party to this suit, on May 4, 1972. On February 15, 1973, appellants made a "Motion to Supplement Their Complaint", in which they alleged that on January 20, 1973, a seventh arrest was made, of an employee, Flake, and that as a result of that arrest appellant Literature was again charged and convicted under two complaints and fined $3,000. on each complaint. The case against Flake, not a party here, was allegedly continued without a finding until August 1973. The docket does not indicate that the district court ever took action on this motion. On remand we assume the district court will consider whether the motion should be treated as one to amend the complaint as of right under Fed.R.Civ.P. 15(a).

nary injunction, and affidavits of each of the appellants alleging a deprivation of constitutional rights and irreparable injury from the continuation of defendants' actions.

On February 26, a hearing was held. The exact purpose and scope of this hearing is in dispute. Appellants' counsel claimed at argument that he was informed it would be on his application for a temporary restraining order and that he would be allowed fifteen minutes. From this, and his prior experience in the district court, he concluded that he would have that time for an argument on the temporary restraining order request and that subsequently an evidentiary hearing would be had before a magistrate regarding the preliminary injunction. Counsel for appellee Boston Police Commissioner stated that he understood the hearing to be an evidentiary one and that he had brought with him to the hearing the arresting officers and the seized materials, a claim borne out by the transcript of the hearing. While the transcript also shows that Commissioner's counsel did make an offer to prove that the materials were obscene, the seizures lawful, and the arrests and seizures made in good faith, the district court did not request any evidence or indicate that either side's case depended on an evidentiary presentation. Yet, in its Memorandum and Order of March 5, the district court stated that "This matter came before the Court on plaintiffs' motion for a preliminary injunction", although also noting the request for a three-judge court and declaratory relief, and stated that "At the hearing plaintiffs did no more than present the Court with conclusory assertions of counsel. No evidence of harassment . . ., bad faith, . . ., nor any other extraordinary circumstances which would bring this case out of the operation of the rule of Younger v. Harris was adduced by plaintiffs." Given our disposition, we need not resolve the exact nature of the hearing or the sufficiency of the notice given appellants.

In light of the absence of relevant evidence, the district court denied "plaintiffs' application for injunctive relief" based on Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), denied "plaintiffs' application for declaratory relief" based on Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), and ordered that "it being conceded that all plaintiffs are parties defendant in presently pending criminal cases in Suffolk Superior Court, the complaint herein is dismissed without prejudice." This timely appeal was then pressed.

■ While no motion to dismiss had been filed, a district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint. Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1968); 5 Wright & Miller, Federal Practice and Procedure: Civil, § 1357. Yet a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue. Dodd, supra, 393 F.2d at 334. This alone might well justify reversal here, since there is no indication that notice of a possible dismissal was given. Here, however, we also find, primarily on the basis of legal developments which have transpired since the district court acted, that the dismissal was erroneous as a matter of law.

■ When a three-judge court is requested, the initial inquiry must be whether the request should be granted. That inquiry is extremely limited: "whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962). Appellants' major constitutional attack on the statute was premised on the view that Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), recognized a right of

privacy which arguably encompasses not only the private home reader of legally defined obscenity, Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1968), but also the commercial seller. This contention is clearly foreclosed by United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971), as we recognized in United States v. Palladino, 475 F.2d 65, 75 (1st Cir. 1973), vacated and remanded on other grounds, 413 U.S. 916, 93 S.Ct. 3066, 37 L.Ed.2d 1038 (1973), and now again by United States v. Orito, —— U.S. ——, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973) and United States v. 12 200-Ft. Reels of Super 8mm. Film, —— U.S. ——, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).

■ Nevertheless, it now appears that appellants' general First and Fourteenth Amendment challenge to the statute as encompassing protected sales is not "obviously without merit". Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).[2] As the Court recently made clear in Miller v. California, —— U.S. ——, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the permissible scope of obscenity regulation is limited to "works which depict or describe sexual conduct" which conduct "must be specifically defined by the applicable state law, as written or authoritatively construed." Id. at 2615. The Court then suggested a few constitutionally acceptable definitions. Id. at 2615. While the Supreme Judicial Court of the Commonwealth has attempted to narrow the broad statutory terms "obscene, indecent or impure", by noting that "the protection of the First Amendment [extends] to publications . . . which, although depicting male and female nudity in sexually provocative poses, do not portray actual sexual congress or other activities commonly known as hard core pornography", Commonwealth v. Palladino, 1970 Mass.Adv.Sh. 1127, 1130–1131, 260 N.E.2d 653, 656; Commonwealth v.

Donahue, 1970 Mass.Adv.Sh. 1404, 1405, 263 N.E.2d 589; it has not "specifically defined" what "other activities" may not be depicted or described. Pending further construction, therefore, the facial attack on the Massachusetts statute would seem to pose an issue requiring the convening of a three-judge court.

■■ Once a non-frivolous constitutional challenge is identified, the single district judge need only inquire "whether the complaint at least formally alleges a basis for equitable relief." Idlewild, supra, 370 U.S. at 715, 82 S.Ct. at 1296. We are aware that the Fifth Circuit has held that the Younger issues of great and immediate irreparable injury, bad faith prosecution or harassment are properly resolved by a single judge after an evidentiary hearing. Hunt v. Rodriguez, 462 F.2d 659, 662 (5th Cir. 1972). However, we agree with the Second Circuit, Abele v. Markle, 452 F.2d 1121, 1125–1126 (2d Cir. 1971), that such an approach is inconsistent with the limited inquiry mandated by Idlewild and only recently reaffirmed by Goosby. In the latter case, the Court went to great lengths to emphasize the extremely narrow inquiry mandated under the first clause of the Idlewild requirement, reciting all of the stringent prior definitions of constitutional insubstantiality. We find it inconceivable that having so narrowed the scope for legal judgment by a single judge, the Court would permit a full evidentiary determination of the Younger issue by the single judge. The language of Idlewild supports this view, requiring only an inquiry into the formal sufficiency of the allegations regarding equitable relief. More significantly, the Court, in remanding two of the Younger septet to the three-judge district courts for reconsideration of their injunctive relief in light of the irreparable injury requirement, did not indicate that that determination should be made in that or other cases by the

2. "[A]n appellate court must apply the law in effect at the time it renders its decision." Thorpe v. Housing Authority, 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed. 2d 474 (1969).

single convening judge. Dyson v. Stein, 401 U.S. 200, 203, 91 S.Ct. 769, 27 L. Ed.2d 781 (1971); Byrne v. Karalexis, 401 U.S. 216, 220, 91 S.Ct. 777, 27 L. Ed.2d 792 (1971). Finally, the policy behind the three-judge court statute, protection against paralyzing interference with state law enforcement by a single federal judge, applies with particular force to attempted interruptions of criminal proceedings. We therefore hold that when a three-judge court is requested in a *Younger*-type case, the single judge may only inquire whether the complaint at least formally alleges a basis for equitable relief under *Younger*.

 The complaint here obviously does. It alleges a series of arrests and warrantless seizures,[3] the use in most cases of multiple complaints, and large monetary fines. It claims this constitutes harassment threatening irreparable injury to their federal rights and property for which no adequate remedy at law exists. *Younger, supra,* 401 U.S. at 46, 49, 54, 91 S.Ct. 746, 27 L.Ed.2d 669; Perez v. Ledesma, 401 U.S. 82, 118 n. 11, 91 S.Ct. 674, 27 L.Ed.2d 701 (opinion of Brennan, J.); Byrne v. Karalexis, 396 U.S. 976, 983, 90 S.Ct. 469, 24 L.Ed.2d 447 (stay of injunction pending appeal) (Stewart, J. concurring); Shaw v. Garrison, 5 Cir., 467 F.2d 113, 120 n. 8, 122, n. 11, cert. denied, 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972); Miami Health Studios, Inc. v. City of Miami Beach, 353 F.Supp. 593 (S.D.Fla.1972); P.B.I.C., Inc. v. Byrne, 313 F.Supp. 757, 766–767 (D.Mass. 1970), vacated and remanded on other grounds, 413 U.S. 905, 93 S.Ct. 3031, 37 L.Ed.2d 1017 (1973). It is thus adequate for present purposes.

 Since the complaint raises a non-frivolous challenge to the statute on its face, formally alleges a basis for equitable relief, and otherwise meets the requirements of the three-judge court statute, a three-judge court must be convened. Accordingly the denial of the preliminary injunction and the dismissal of the complaint must be vacated, the single judge having no jurisdiction to enter either order. 28 U.S.C. § 2284(5).

Judgment vacated; case remanded for convening of a three-judge court pursuant to 28 U.S.C. §§ 2281, 2284. Costs to appellants.

---

3. The seizures, concededly without warrants, would seem to stand in quite a different posture since the Supreme Court's decision in Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973), a development which could lead to reconsideration of the pending prosecutions by the Commonwealth. Should such occur and result in dismissal, this case would of course be mooted.