**SOUTHLAND THEATERS, INC., et al.,**

v.

**Ted BUTLER, Criminal District Attorney of Bexar County, Texas et al.**

**Civ. A. No. SA-73-CA-214.**

United States District Court,
W. D. Texas,
San Antonio Division.

Oct. 2, 1973.

J. Mack Ausburn, San Antonio, Tex., Frierson M. Graves, Jr., Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., for plaintiffs.

Ted Butler, Criminal Dist. Atty., Bexar County, San Antonio, Tex., by Keith Burris, Nelson Atwell, Asst. Criminal Dist. Attys., Crawford Reeder, City Atty., by Miss Sparta Bitsis, Asst. City Atty., San Antonio, Tex., John L. Hill, Atty. Gen. of Texas, by Max Flusche, Asst. Atty. Gen. of Texas, Austin, Tex., for defendants.

## ORDER

WOOD, District Judge.

On the 13th day of September, 1973 came on to be considered the above styled and numbered cause in which plaintiffs request this Court to issue a Temporary Restraining Order against the named defendants enjoining said defendants from entering plaintiffs' theaters for the purpose of holding any hearings or for Search Warrants to seize motion picture films, or from enforcing or attempting to enforce Article 527, Vernon's Annotated Texas Statutes, or from otherwise interfering with the business operations of the plaintiff theaters. Plaintiffs further claim to have been deprived under color of State law of the rights, privileges or immunities secured to them by the Constitution of the United States and seek a Declaratory Judgment that certain Statutes of the State of Texas are unconstitutional on their face, or as applied against them and the members of their class. Plaintiffs further ask for money damages against the defendants in their individual and official capacities and for the convening of a Three Judge Court to determine the constitutional questions presented in this cause.

Plaintiffs further allege that the definitions of obscenity as set forth in Articles 513 and 527 of the Texas Penal Code have been rejected by recent Supreme Court decisions and that Articles 4666 and 4667, V.A.T.S., as enforced by the Bexar County District Attorney are violative of the First and Fourteenth Amendments of the United States Constitution. Plaintiffs allege also irreparable harm and injury from the closing of their theaters and that the threat of contempt for showing future films has a "chilling effect" on their business.

In cases such as the one at Bar, the standard test for the granting of injunctive relief is not applicable. Rather, where, as here, Federal Courts are asked to enjoin State prosecutions, the Court must first satisfy itself that the requirements of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) are met. That is, injunctive relief. may be granted "only in cases of proven harrassment or prosecutions undertaken by State officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown". Therefore, prior to the granting of any injunctive relief or the convening of any Three Judge Court, one of the above mentioned *Younger* exceptions must be present. If not, the Court is obliged to abstain in deference to the State proceedings. Contrary to plaintiffs' allegations, the Court finds the *Younger* test applies to both civil and criminal proceedings. See Palaio v. McAuliffe, 466 F.2d 1230 (5th Cir., 1972).

After a study of the Briefs presented by both parties as well as an extensive hearing, the Court finds that there has been no harassment or bad faith by State law enforcement officers as the evidence revealed that their actions and motivations were prompted in good faith and with a view towards civil or criminal proceedings which in most instances have been instituted. The fact that a night Magistrate as well as Assistant District Attorneys and Police Officers were present at the various theaters when confiscation of films was ordered through the execution of valid Search Warrants is no evidence of bad faith or harassment, especially in view of the fact that plaintiffs were provided an opportunity for counsel to be present at the time of the seizure and given further opportunity for a full adversary hearing within ten (10) days as required by Statute.

The Court further finds no evidence that plaintiffs have suffered irreparable injury in that the theaters have not been closed and the District Attorney has offered to tender all confiscated films and other matters for copying by the plaintiff theaters upon request.

The Court further finds that there are no "extraordinary circumstances" which would require Federal intervention into the State Court proceeding. Plaintiffs in this case were granted a prior adversary hearing by a "neutral detached Magistrate" in conformance with Heller v. the State of New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (decided June 25, 1973). It is also the Court's opinion that the validity of the Search Warrants *vel non* does not fall under the "extraordinary circumstances" in *Younger*, supra, by virtue of the Supreme Court decision in Stefanelli v. Minard, 342 U.S. 117, 72 S. Ct. 118, 96 L.Ed. 138 (1951) and the Court further finds that there was a lack of any compelling evidence as to the invalidity of the Search Warrants in the instant case.

The Court has considered the possibility that the actions of the District Attorney may constitute a "final restraint" or a "prior restraint" so as to become a form of censorship of allegedly obscene material as condemned by the Supreme Court in United States v. Thirty-Seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). The evidence at the hearing revealed there

had been no final restraint, threatened destruction, or injunction from exhibition of the films seized and that such films are merely temporarily detained, so as to preserve them as evidence in the State prosecution. Such a temporary restraint is not in and of itself a form of censorship and cannot be construed as an "extraordinary circumstance" under *Younger,* supra.

It is this Court's opinion and finding that the case at Bar requires the exercise of Federal judicial restraint in that any intervention by this Court into the State Court proceedings is foreclosed under *Younger,* supra, and that none of the exceptions enunciated by the Court in *Younger* are applicable in the case at Bar. It is therefore, Ordered, Adjudged and Decreed that any injunctive relief requested by plaintiffs should be, and the same is hereby, in all things Denied.

The Court is mindful of Hunt v. Rodriguez, 462 F.2d 659 (5th Cir., 1972), a case initiating in this District in which Judge Dyer, writing for the Fifth Circuit, held:

> ". . . A determination by a single district judge that *Younger* bars federal intervention against pending state criminal prosecutions makes unnecessary and inappropriate further federal consideration of a constitutional issue by a three-judge court."

While the Court has found that *Younger,* supra, does indeed bar Federal intervention in the instant case, the request has been made to the Honorable John R. Brown, Chief Judge of the Fifth Circuit Court of Appeals, that this cause be consolidated with similar cases pending before a Three Judge Panel in Houston in the Southern District of Texas, styled Universal Amusement Company v. Carol Vance and Herman Short, 73–H–528. Out of an abundance of caution and in view of the consolidation of similar cases, it is the opinion of the Court that any further proceedings in this case should conform with and be determined by the existing Three Judge Panel. The Clerk of the Court is, therefore, Ordered to forward all pertinent documents in this case to Judge John Singleton of Houston, Texas in conformance with the Order of Consolidation referred to herein.