Dohoney J.
The plaintiff Franklin Holzer (hereinafter Holzer) sued the defendant Mark Aranson (hereinafter Aranson) in a two count Complaint for libel (Count 1) and slander (Count II). Aranson denied the allegations.
On May 4,1989, Aranson filed a Motion for Summary Judgment as to Count II of the Complaint. This Motion was heard and denied on August 17,1989.
On January 30,1990, the case was setfor trial on March 2,1990. On March 7,1990, Holzer filed a Motion for a Continuance. From reading the transcript we conclude that this motion was based upon the serious illness of the wife of Holzer’s counsel. The motion was set for hearing on March 8,1990 which was the date set for trial.
On March 8,1990, substitute counsellor Holzer argued in support of the motion for continuance. Counsel for Aranson did not object. The Trial Justice, who had obviously thoroughly familiarized himself with the issues and the law involved, sua sponte indicated he was going to reconsider the Motion for Summary Judgment and enter Judgment for Aranson. Counsel for Aranson then indicated that the Motion for Summary Judgment related only to Count II. The Trial Justice then indicated he would deal with Count I as a motion for judgment on the pleadings. Counsel for Aranson then asked for permission to submit such a motion. The Trial Justice granted permission. The Motion for Judgment on the Pleadings was granted. The only substantive response by counsel for Holzer was to request a claim of report as to the action of the Trial Justice on the Motion for Summary Judgment
Holzer pursued his appellate options. Although the parties have comprehensively briefed all the issues presented, we confine ourselves to the procedural matters. Holzer contends that he never received notice or an opportunity to be heard relative *13 to the Motion for Judgment on the Pleadings or the Motion for Summary Judgment and that he was prejudiced thereby. He is correct.
Since neither the Motion for Judgment on the Pleadings or the reconsideration of the Motion for Summary Judgment was initiated by the defendant, the normal notice provisions were not operative. Clearly, the Trial Justice was within his power to grant judgment based upon his reading of the pleadings, but he must give notice of his intention to do so. See Literature, Inc. v. Quinn, 482 F.2d 372, 374 (1st Cir. 1973) wherein the Court of Appeals stated
a District Court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiatives dismiss the complaint.... The court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue.
We also note that in granting the Motion for Judgment on the Pleadings the Trial Justice apparently considered matters outside the pleadings. This is permitted by Mass. Rule Civ. Proc., Rule 12 (c), but it converts the motion to a motion for summary judgment. The Rule specifically states that
If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
The same is especially true with respect to the Motion for Summary Judgment King v. Globe Newspaper Co., 400 Mass. 705 (1987), cert. denied 435 U.S. 940 (1988) clearly stands for the proposition that a motion for summary judgment may be reconsidered by another judge. However, this action may not be taken without prior notice to the parties. In Conley v. Massachusetts Bay Transportation Authority, 405 Mass. 169, 174-175 (1989), one defendant (the Union) filed a Motion for Summary Judgment which was denied. Thereafter both the plaintiff and a second defendant (the MBTA) filed motions for summary judgment A second judge granted the motion of the MBTA, denied the plaintiffs motion, and dismissed the case against the union. The Court felt this was improper, saying
Circumstances can exist that would warrant the granting of summary judgment on reconsideration by one judge after summary judgment had been denied by another. See King v. Globe Newspaper Co., 400 Mass. 705, 707-708 (1988), cert. denied, 102 S. Ct. 1121, 1227 (1988). However, it was not appropriate in this case where reconsideration had not been requested, the issues had not been reargued and no notice had been given that the unions’ motion for summary judgment was being reconsidered.
Holzer was particularly prejudiced here because of the inability of his regular counsel to be present. While the matter was set for trial, and we man assume substitute counsel was prepared to try the case, substantially different preparation would be required for a legal argument on the subtleties of the law of libel and slander. This is especially true here where regular counsel was apparently successful in defeating the Motion for Summary Judgment before another judge.
Aranson has argued that Holzer did not raise any objection at the trial level. However, Holzer was presented with an accomplished fact. Counsel were not consulted. The Trial Judge brought up the matter and indicated his result without input from counsel. Counsel did not protest or request reconsideration but did immediately start to preserve appellate rights. She clearly did not acquiesce in the action. Considering all the circumstances we do not feel that counsel waived any rights.
Aranson also argues with some validity that the same issues that would be presented after notice can be presented to this forum. However, Holzer is entitled to have these issues presented at the trial level, and we are reluctant to take the right away.
*14 Accordingly, the Report is Allowed and the matter is remanded to the Fitchburg Division for a hearing on the Motion for Judgment on the Pleadings and on the Motion for Summary Judgment and such other proceedings as are appropriate.