**R.A. STREET, Plaintiff, Appellant,**

v.

**Michael V. FAIR, et al., Defendants, Appellees.**

**No. 90–1326.**

United States Court of Appeals, First Circuit.

Submitted Aug. 9, 1990.

Decided Nov. 2, 1990.

R.A. Street, on brief, pro se.

Nancy Ankers White, Sp. Asst. Atty. Gen., and Michael H. Cohen, on brief, for defendants, appellees.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

PER CURIAM.

Richard Street is an inmate at the Massachusetts Correctional Institution at Cedar Junction. On November 7, 1989, he filed a pro se, *in forma pauperis* complaint under 42 U.S.C. § 1983, alleging violations of his rights under the eighth and fourteenth amendments. Named as defendants were seven current and former state correctional officials. Before such defendants had submitted any responsive pleading, the district court dismissed Street's complaint *sua sponte* on April 9, 1990, finding it "completely lacking in any facts which support his allegation that his civil rights were vio-

lated." While we do not dispute the court's characterization of the complaint, we also think its *sua sponte* dismissal on the merits was, under the circumstances, precipitous. We accordingly vacate the judgment and remand for further proceedings.

Plaintiff advanced two claims in his complaint. First, he alleged a campaign of violent intimidation conducted by certain inmates against other inmates in connection with seating in the prison dining hall. Various gangs and cliques, he charged, claimed ownership of different tables, prohibiting other inmates from sitting there and threatening them with physical assault should they refuse to move. "Many inmates" had been "seriously injured" due to this situation; he specifically identified a friend who had been "stabbed repeatedly for refusing to move from a table." These attacks generally occurred in the exercise yard or the cell block. Plaintiff himself was told "on many occasions" that he could not sit at a particular table, and was once threatened with physical injury when he balked at being ordered to move. As a result, he often had to eat his meals hurriedly, or change tables in the middle of a meal, or eat standing up; sometimes he would skip meals entirely because it was "too aggravating to eat under such intolerable conditions." Plaintiff further alleged that he requested each of the defendants to remedy this situation, without success. Such deliberate indifference on their part, he contended, constituted cruel and unusual punishment in violation of the eighth and fourteenth amendments, and contravened state law as well.

Second, plaintiff challenged the legality of his transfer to the Departmental Segregation Unit (DSU). He alleged that the procedural prerequisite to such a transfer—authorization by the Commissioner of Correction—did not occur until December 1988, six months after the transfer took place. He therefore claimed that he had been confined in DSU for six months in violation of both the due process clause of the fourteenth amendment and various state law provisions.

The district court's order dismissing the complaint reads in its entirety as follows:

Plaintiff's Complaint is dismissed as to all defendants. Although this Court reads *pro se* complaints liberally in accordance with *Haines v. Kerner,* [404 U.S. 519,] 92 S.Ct. 594 [30 L.Ed.2d 652] (1972), "even *pro se* plaintiffs [must] plead specific facts backing up their claims of civil rights violations." *Glaros v. Perse,* 628 F.2d 679, 684 (1st Cir.1980). Plaintiff's Complaint is completely lacking in any facts which support his allegation that his civil rights were violated. This Court declines jurisdiction over any pendant state law claims.

It is unclear whether the court meant to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, or under 28 U.S.C. § 1915(d), which permits the dismissal of *in forma pauperis* actions that are deemed "frivolous." If the former (which is suggested by the language employed in the order), we find the dismissal problematic from a procedural standpoint. And if the latter (which is suggested by the timing of the order), we find the dismissal at odds with the teachings of *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ Plaintiff's allegation of cruel and unusual punishment falls well short of stating a claim upon which relief can be granted. The nature of an eighth amendment violation is the "unnecessary and wanton infliction of pain." *Ingraham v. White,* 430 U.S. 651, 670, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977), *quoting Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976); *accord Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); *Unwin v. Campbell,* 863 F.2d 124, 128 (1st Cir.1988). It is true, of course, that this constitutional standard imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Leonardo v. Moran,* 611 F.2d 397, 398–99 (1st Cir.1979); *accord Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S.Ct. 3194, 3200–01, 82 L.Ed.2d 393 (1984); *Ayala Serrano v. Lebron Gonzalez,* 909 F.2d 8, 14 (1st Cir.1990); *Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d

556, 558 (1st Cir.), *cert. denied,* 488 U.S. 823, 109 S.Ct. 68, 102 L.Ed.2d 45 (1988). And this duty extends to protecting inmates "from constant threats of violence"; a prisoner "need not wait until he is actually assaulted to obtain relief." *Leonardo,* 611 F.2d at 399, *quoting Woodhous v. Virginia,* 487 F.2d 889, 890 (4th Cir.1973) (per curiam). Yet plaintiff has made no allegation that he was physically attacked, nor is it clear from his present complaint that he was subjected to "constant threats" of violence. He cites only a single instance when he was threatened with physical harm—one which apparently passed without further incident. Plaintiff also complains in conclusory fashion of being "afraid" and "aggravated," but he has detailed no specific circumstances that would necessarily support a claim of mental suffering. *See, e.g., Leonardo,* 611 F.2d at 399. And the remaining allegations of injury—his having to switch tables during meals, having to eat hurriedly or standing up, and on occasion having to skip a meal entirely—involve inconveniences that cannot be characterized as the "wanton infliction of pain."

■ The district court was therefore justified in concluding that plaintiff's eighth amendment allegations failed to state a claim.[1] Yet in dismissing the claim on this basis *sua sponte,* with prejudice, and without affording plaintiff notice and an opportunity to be heard, the court acted at best prematurely. As we stated in *Literature, Inc. v. Quinn,* 482 F.2d 372 (1st Cir.1973):

> [A] district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint.... Yet a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issues.

*Id.* at 374;[2] *cf. Preterm, Inc. v. Dukakis,* 591 F.2d 121, 134 (1st Cir.) (court must afford opportunity to be heard before *sua sponte* dismissal for lack of standing), *cert. denied,* 441 U.S. 952, 99 S.Ct. 2181, 60 L.Ed.2d 1057 (1979); *Pavilonis v. King,* 626 F.2d 1075, 1078 n. 6 (1st Cir.) (*sua sponte* dismissal under Rule 12(b)(6) appropriate, despite lack of notice, where magistrate's report had highlighted deficiencies in complaint), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980).

■ By contrast, such procedural protections need not accompany *sua sponte* dismissals for frivolousness under § 1915(d). *See, e.g., Neitzke,* 109 S.Ct. at 1834; *Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988). Accordingly, if plaintiff's eighth amendment claim could properly be deemed frivolous, the district court's *sua sponte* dismissal would be supportable.[3] Yet the *Neitzke* opinion indicates that plaintiff's claim falls outside the narrow set of claims to which § 1915(d) applies. The Court there held that a complaint which fails to state a claim is not, for that reason, automatically frivolous. Section 1915(d), applicable only to *in forma pauperis* actions, was designed to screen out "baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions" under Fed.R.Civ.P. 11. 109 S.Ct. at 1833. A frivolous complaint, it explained, is one

---

1. Given this conclusion, we need not decide whether plaintiff's transfer to the DSU has mooted his claim for injunctive relief. *See, e.g., Leonardo,* 611 F.2d at 399. We likewise need not determine whether, by alleging that he complained to each of the defendants about the dining hall situation, plaintiff has set forth that degree of personal involvement by the defendants necessary to impose liability in damages under section 1983. *See, e.g., Pinto v. Nettleship,* 737 F.2d 130, 132 (1st Cir.1984) (when supervisory official is placed on actual notice of prisoner's need for physical protection, administrative negligence can rise to level of deliberate indifference).

2. Other circuits have articulated the same rule. *See, e.g., Ricketts v. Midwest National Bank,* 874 F.2d 1177, 1183–85 (7th Cir.1989); *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 637–38 (9th Cir.1988), *Perez v. Ortiz,* 849 F.2d 793, 797–98 (2d Cir.1988); *see also* 2A *Moore's Federal Practice* ¶ 12.07[2.–5], at 12–71 (1990).

3. As mentioned above, the basis for the district court's dismissal is unclear. Yet even if the court were relying on Rule 12(b)(6), we could affirm the *sua sponte* dismissal were we to find the complaint frivolous under § 1915(d). *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438–39 (5th Cir.1989).

that "lacks an arguable basis either in law or in fact," one that contains either "inarguable" legal conclusions or "fanciful" factual allegations. *Id.* at 1831. Section 1915(d), the Court elaborated,

> accords judges not only the authority to dismiss a claim based on an *indisputably meritless* legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are *clearly baseless.*

*Id.* at 1833 (emphasis added). As examples of the former class of claims, the Court cited "claims against which it is clear that the defendants are immune from suit" and "claims of infringement of a legal interest which clearly does not exist"; as examples of the latter claims, it cited "claims describing fantastic or delusional scenarios." *Id.*

Plaintiff's eighth amendment claim involves neither an "indisputably meritless" legal theory nor "clearly baseless" factual allegations. It falters in that the nature and extent of injury alleged are insufficient to make out an actionable constitutional violation. But this deficiency does not render the claim frivolous; indeed, it is one that conceivably could be cured through an amended complaint. Plaintiff must be afforded an opportunity to supplement his allegations before any dismissal on the merits is imposed.

A similar result would appear applicable to plaintiff's procedural due process claim. Although his conclusory allegations in this regard arguably run afoul of Rule 12(b)(6), the claim would appear nonfrivolous in light of *Parenti v. Ponte,* 727 F.2d 21 (1st Cir.1984). We need not, however, address these matters, as plaintiff has recently moved "to strike" this claim from his complaint, expressing a preference to pursue it in state court. Such a unilateral withdrawal of a claim, for such a purpose, would ordinarily not be countenanced at this stage of the proceedings. *See* Fed.R. App.P. 42(b). However, as the case is being remanded, and as the defendants have yet to file a responsive pleading, plaintiff is free to amend his complaint to withdraw this claim in the district court. Fed.R.

Civ.P. 15(a); *see also* Fed.R.Civ.P. 41(a)(1) (voluntary dismissal, without prejudice, of entire action); 5 *Moore's Federal Practice* ¶ 41.06–1 (1990).

*Vacated and Remanded for Further Proceedings Consistent with this Opinion.*