**Jack T. FREDYMA, Plaintiff, Appellant,**

v.

**AT & T NETWORK SYSTEMS, INC., Defendant, Appellee.**

No. 90–2095.

United States Court of Appeals, First Circuit.

Submitted Feb. 6, 1991.

Decided May 16, 1991.

Jack Fredyma, on brief pro se.

Thomas E. Shirley, Martha J. Zackin and Choate, Hall & Stewart on brief, Boston, Mass. for defendant, appellee.

Before CAMPBELL, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Appellant Jack T. Fredyma is a former employee of AT & T Network Systems, Inc. (AT & T). His *in forma pauperis* complaint, originally filed in the Massachusetts Superior Court, asserted, *inter alia*, that he was wrongfully discharged in breach of an employment contract because he reported health and safety hazards relating to certain worksite energy conservation programs in which AT & T participated. The defendant removed the case to United States District Court under diversity jurisdiction. Six days after the state court record was filed below, the district court, on its own initiative, dismissed the complaint. The order in its entirety reads:

> Plaintiff's Motion for Preliminary Injunction [filed in state court] is denied. Plaintiff's Complaint is dismissed as it fails to state a cause of action. Allegations reflect that Complaint is frivolous.

Also pending at the time of the dismissal were plaintiff's motion for appointment of counsel, and defendant's motion to extend time to answer or otherwise respond. No responsive pleading had been filed.

While the basis is not entirely clear, we construe the dismissal as one under Fed.R. Civ.P. 12(b)(6), first because the court expressly stated that the complaint failed to state a cause of action, and second, aside from the fact that plaintiff's *in forma pauperis* status was granted in state court under Mass.Gen.L. ch. 261, §§ 27A–27G, and not under 28 U.S.C. § 1915(d), because *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) teaches that a complaint which fails to state a claim is not automatically "frivolous." *Id.* at 328, 109 S.Ct. at 1833. Under § 1915(d), a *sua sponte* dismissal without notice, as here, is appropriate only if a claim is premised upon "an indisputably meritless legal theory" or "factual allegations [that] are clearly baseless." *Id.* at 325, 327, 109 S.Ct.

at 1831–32, 1832–33. The *Neitzke* Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review by creating a more complete record of the case.

*Id.* at 329–30, 109 S.Ct. at 1834. At this procedural threshold, the plaintiff was entitled to "notice of the proposed action and * * * an opportunity to address the issues", *Street v. Fair*, 918 F.2d 269, 272 (1st Cir.1990), quoting *Literature, Inc. v. Quinn*, 482 F.2d 372, 374 (1st Cir.1973), unless his complaint lacks an arguable basis in law or fact.

Fredyma was employed as a manufacturing engineer at AT & T's Andover, Massachusetts facility beginning in January 1985. AT & T participates in energy conservation programs sponsored by both the state and federal government. Fredyma's chief complaint centers on AT & T's utilization of a particular product called Energy Efficient Fluorescent Lighting Equipment Systems at the Andover facility. Fredyma learned that AT & T's manufacturing facility in Denver, Colorado had, in 1986, installed another kind of lighting system which used full spectrum lights. On September 22, 1988, he wrote a memo about the use of that system in Denver and the attendant health and safety benefits. The memo, which Fredyma gave to one of his managers at AT & T Andover the following day, requested that the subject of full spectrum lighting again be reviewed (apparently it had been considered and rejected before). According to Fredyma, the memo alerted AT & T to various possible work-place health hazards, particularly in relation to lighting systems.

Three days later, on September 26, 1990 Fredyma was called to a meeting with two AT & T managers who informed him that he had four weeks of employment left. Fredyma states that he was given no reason except that he would be better off elsewhere and would be terminated otherwise. He resigned on October 28, 1988, and, although he had located what turned out to be a short-lived position, he states that he tendered his resignation in extreme duress and against his own wishes. On the same day he (and another employee) also submitted a written suggestion that full spectrum lighting be installed in the office and manufacturing areas of the Andover facility. The suggestion was rejected by AT & T in January 1989.

Fredyma also contends that AT & T subsequently made false statements under oath with respect to his ultimately successful unemployment compensation claim, and violated his privacy and other state-created rights by releasing information to local newspapers that he had been fired.

As to injury, Fredyma states that he has been unable to obtain comparable employment despite his best efforts. He alleges extreme economic hardship and has filed for bankruptcy. He has lost his savings, his credit, and his home to foreclosure. He works as a cashier at a local store. He is unable to afford to take care of his medical needs. He has suffered a loss of personal and business reputation, and emotional distress. Because of these injuries, allegedly caused by AT & T's tortious interference with his employment contract in retaliation against his actions concerning health and safety at the Andover site, Fredyma seeks compensatory and punitive damages, and equitable relief.

Plaintiff's complaint, at least with regard to his "wrongful discharge" claim, cannot be said to be premised upon "an indisputedly meritless legal *theory*", as the numerous wrongful termination cases cited in appellant's brief attest. *See, e.g., Demars v. General Dynamics Corp.*, 779 F.2d 95 (1st Cir.1985). Nor can we say, that the plain-

370

tiff's factual allegations are "clearly baseless", e.g., "describing fantastic or delusional scenarios." *Neitzke v. Williams,* 490 U.S. at 328, 109 S.Ct. at 1833. With the appropriate notice, plaintiff may (or may not) have been able to cure any defects through amendment. While we express no opinion as to the ultimate viability of any of the complaint's seventeen counts, at this preliminary stage "[p]laintiff must be afforded an opportunity to supplement his allegations before any dismissal on the merits is imposed." *Street v. Fair,* 918 F.2d at 272.

In conclusion, under *Neitzke,* dismissal *sua sponte,* without notice, was legally improper. The appellant has not appealed the denial of the motion for a preliminary injunction. Appellant's motion for *in forma pauperis* status on appeal is granted. Appellant's motion to file a Supplemental Brief is denied.

The judgment of the district court is vacated and the case is remanded for further proceedings.