960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gilbert DIAS, Plaintiff, Appellant,
v.
George VOSE, et al., Defendants, Appellees.
 91-1178, 91-1386.
 United States Court of Appeals, First Circuit.
 March 3, 1992.
 
 Gilbert Dias on briefs pro se.
 Joanne M. Sollecito, Department of Correction, and Nancy Ankers White, Special Assistant Attorney General, on brief for appellees.
 Before Campbell, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Gilbert Dias is a state prisoner in the custody of the Massachusetts Department of Correction and is incarcerated at the Massachusetts Correctional Institution at Cedar Junction (MCI-Cedar Junction). On appeal, Dias, pro se and in forma pauperis, claims that the district court improperly dismissed, sua sponte, certain claims and defendants from his amended civil rights complaint, and thereafter, inappropriately granted summary judgment in favor of the remaining defendants. We affirm most of the district court's orders but vacate and remand the summary dismissal of the claim alleging violation of Dias' Eighth Amendment rights.
 
 Background
 
 2
 On June 21, 1990, Dias filed on his own behalf a complaint under 42 U.S.C. § 1983, alleging violation of his constitutional rights. Named as defendants were the present and former Massachusetts Commissioners of Correction, various superintendents and deputy superintendents at MCI-Cedar Junction, various correction officers and other employees of that institution and medical personnel. Subsequently, Dias filed a motion to amend his complaint which the district court denied without prejudice on September 25, 1990, noting that the motion was not accompanied by any proposed amendment. Dias filed a second motion to amend his complaint on October 9, 1990, this time submitting the proposed amendment. On October 23, 1990, the district court issued an order (No. 91-1178), allowing in part the motion to amend but dismissing sua sponte certain claims and dismissing the action as to some defendants named in the amended complaint.
 
 
 3
 On December 4, 1990, the remaining defendants filed answers to the amended complaint and on February 20, 1991 Dias moved for summary judgment. On March 8, 1991, the defendants responded and themselves moved for summary judgment. Also on March 8, 1991, Dias filed a notice of appeal from the district court's dismissal order of October 23, 1990 (No. 91-1178).
 
 
 4
 The district court entered summary judgement for each of the remaining defendants on April 3, 1991. On April 9, 1991, Dias filed another notice of appeal (No. 91-1386) from the district court's order of April 3, 1991. On April 25, 1991, defendants moved to dismiss Dias' first appeal (No. 91-1178). On May 16, 1991, we denied defendant's motion to dismiss and consolidated Appeal No. 91-1178 with Appeal No. 91-1386, directing the defendants to address all relevant issues in their briefs regarding Appeal No. 91-1386.
 
 I.
 
 5
 The amended complaint submitted by Dias on October 9, 1990, named twenty five defendants and made seven legal claims. Although the complaint was repetitive and confusing, we can identify the following legal claims: illegal incarceration (first, second and third claims); cruel and unusual punishment in violation of the Eighth Amendment by denial of adequate medical care (fourth claim); denial of access to the courts by failure to provide an adequate law library (fifth claim); and denial of access to Dias' property and legal mail (sixth and seventh claims).
 
 
 6
 We turn first to whether or not the district court erred on October 23, 1990, when at the same time it partially allowed Dias' motion to amend his complaint, it dismissed certain of the claims and defendants contained therein. We turn first to the legality of this dismissal. The relevant portion of the court's order of October 23, 1990 stated:
 
 
 7
 ... The first and second claims (as they pertain to the defendants [George] Vose, [Eugene] Marsolais and [James] Walsh), the fifth claim (as it pertains to the defendants [Thomas] Connolly and [Kevin] Cummings), and the sixth claim (as it pertains to the defendant Smith) arguably set forth claims cognizable by this Court. As to these claims and defendants the motion to amend is allowed without prejudice to the filing of motions to dismiss by these defendants. The remaining claims fail to state a cause of action and the allegation against the remaining defendants are insufficient to state a cause of action against them. Accordingly, as to these claims and defendants the motion to amend is denied as futile and the action against these defendants is dismissed.
 
 
 8
 As a result of this order, the first and second claims (illegal incarceration) as they pertained to defendants Michael Fair, Michael Maloney, Paul Rakiey and Tim Hall, were dismissed. The third claim was dismissed because its allegations were substantially identical to those contained in the first and second claims. The fourth claim (cruel and unusual punishment) was dismissed. The fifth claim (inadequate law library) was dismissed as to defendants Fair, Vose, Maloney, Rakiey and Marshal. The seventh claim (denial of access to personal and legal property) was dismissed because it was substantially identical to the sixth claim.
 
 
 9
 Under Fed. R. Civ. P. 15(a), Dias was entitled, as of right, once to amend his complaint prior to the serving of a responsive pleading. It appears that no responsive pleading had been served by the time the October 9, 1990, motion to amend was filed. Accordingly, we treat the district court's action in partially rejecting certain claims and parties within the amended complaint as a dismissal, sua sponte, of a part of an already amended complaint, rather than as the partial denial of Dias' motion to amend. The Supreme Court held in Neitzke v. Williams, 490 U.S. 319, 327 (1989), that the summary dismissal, sua sponte, of an indigent's complaint is appropriate under 28 U.S.C. § 1915(d) only when the "claim is based on an indisputably meritless legal theory." Thus, following Neitzke, this court has also ruled that pro se and in forma pauperis complaints should not be summarily dismissed under § 1915(d) without first providing notice and an opportunity to respond, unless the claim was based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Street v. Fair, 918 F.2d 269 (1st Cir. 1990), Forte v. Sullivan, 935 F.2d 1 (1st Cir. 1991); Purvis v. Ponte, 929 F.2d 822 (1st Cir. 1991).
 
 
 10
 The standard for dismissal under § 1915(d) is, therefore, more rigorous than the standard for dismissal under Fed. R. Civ. P. 12(b)(6). See Johnson v. Rodrguez, No. 91-1237, slip. op. at 4-5 (1st Cir. August 23, 1991) (citing Street v. Fair, supra at 273 (complaint which failed to state a claim under Rule 12(b)(6) was, nevertheless, not "frivolous" within the purview of 28 U.S.C. § 1915(d), because the deficiencies therein could conceivably be cured by an amended complaint).
 
 
 11
 The present dismissal was not expressly based on § 1915(d); however, the same high standard enunciated in Neitzke must be observed, given Dias' in forma pauperis, pro se status, and the fact that the court acted spontaneously without affording the somewhat more extended process usually observed for 12(b)(6) dismissals. We accordingly review the court's partial dismissal of the claims and parties contained in the amended complaint under the Neitzke standard.
 
 
 12
 We first review the court's summary dismissal of the claims for illegal incarceration against defendants Fair, Maloney, Rakiey, and Tim Hall. There was no allegation as to how or in what way said individuals were specifically responsible for Dias' incarceration. Under Neitzke, however, such omissions may have been insufficient to render the claim one "based on an indisputably meritless legal theory." We need not decide whether this is so, however, as, assuming the dismissal was erroneous, the error was harmless. The same illegal incarceration claim against other defendants was later properly rejected on its merits following summary judgment procedures. Thus, even had it not been dismissed sua sponte, that claim could not have possibly succeeded against Fair, Maloney, Rakiey and Tim Hall. Premature dismissal was at most harmless error.
 
 
 13
 We next review the court's summary dismissal of the fourth claim, alleging a violation of Dias' rights guaranteed by the Eighth Amendment. We find the court's action here more problematic under Neitzke analysis. Dias alleged that appellees had subjected him to cruel and unusual punishment by denying him adequate medical and dental treatment. Specifically, Dias alleged that defendants should have known that the denial of proper medical care and treatment could and did result in his illness and hospitalization; that defendants failed to treat properly his high blood pressure; that he was denied oral surgery; that upon his return from the hospital with an open wound from an operation, he was not provided with sanitary housing; and that he should not have been moved out of the treatment room and into a holding cell.
 
 
 14
 In order to establish that medical mistreatment constitutes a violation of the Eighth Amendment, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). These "acts or omissions" must amount to more than negligence in the diagnosis or treatment of a medical condition. Estelle v. Gamble, supra at 106; Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) (where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law); Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (a dispute with an exercise of professional [medical] judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation).
 
 
 15
 The allegations made by Dias may well fail to state a cognizable claim under the above standard enunciated in Estelle v. Gamble, and under decisions interpreting that standard. However, applying Neitzke, we cannot say that these allegations were so entirely meritless in legal theory as to have permitted their dismissal sua sponte. Rather, Dias should have been allowed to proceed with his amended complaint to the point he was challenged by either a motion to dismiss or for summary judgment. Neitzke at 329-330.
 
 
 16
 Turning to the claims concerning problems at the prison legal library and denial of access to legal mail, the amended complaint does not indicate what, if any, personal responsibility for, or ability to remedy, the alleged violations the named defendants possessed. Thus these claims were vulnerable under Rule 12(b)(6). Still, it is questionable whether they were so totally ineffective as to permit summary dismissal at the time. The court is absolved, however, by the fact that these same claims were later dismissed against other defendants in summary judgment proceedings, for reasons equally applicable to these defendants. Even, therefore, if dismissal against these defendants was premature, the error was harmless.
 
 
 17
 We accordingly affirm the district court's actions on October 23, 1990, except its dismissal of the Eighth Amendment claim. That claim must be remanded to the district court for further proceedings.
 
 II.
 
 18
 Next, we determine whether the district court erred in granting summary judgment for the remaining defendants. Summary judgment is proper when there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Albert v. Maine C.R. Co., 905 F.2d 541, 543 (1st Cir. 1990). We consider the undisputed facts in the pleadings, affidavits and exhibits in the light most favorable to the nonmovant. See, e.g., Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987).
 
 
 19
 The district court entered judgment on all remaining claims against the remaining defendants based on the undisputed facts as established by defendants' opposition to Dias' motion for summary judgment and their affidavits.
 
 
 20
 In response to Dias' first and second claims (illegal incarceration), defendants Vose, Marsolais and Walsh provided certified copies of Dias' institutional records, mittimus papers and supporting affidavits showing that Dias was in fact legally incarcerated. We agree with the district court that these unopposed documents indisputably established that Dias was legally incarcerated. That, by itself, entitled these defendants to prevail on summary judgment.
 
 
 21
 In addition, we note that supervisory liability under § 1983 may not be predicated upon a theory of respondeat superior. Monnel v. Department of Social Services, 436 U.S. 658, 690-692 (1978); Gutierrez Rodrguez v. Cartagena, 882 F.2d 533, 562 (1st Cir. 1989). Supervisory officials may be found liable only on the basis of their own acts or omissions. Figueroa v. Aponte Roque, 864 F.2d 947, 953 (1st Cir. 1989). These acts or omissions must constitute not mere negligence but amount to a reckless or callous indifference to the constitutional rights of others. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Germany v. Vance, 868 F.2d 9, 17-18 (1st Cir. 1989). Here, Vose was or had been the state Commissioner of Corrections and Walsh was allegedly the former Unit Team Manager at MCI-Cedar Junction. With regard to such supervisors, there must be shown some affirmative link between the purported constitutional violation and their own action or inaction. Voutour v. Vitale, 761 F.2d 812, 820 (1st Cir. 1985); Layne v. Vizant, 657 F.2d 468, 471 (1981). There was no factual showing whatever that Vose and Walsh had any direct and particularized involvement in Dias' incarceration.
 
 
 22
 Defendant Marsolais was allegedly the prison's admitting officer. Acting in that capacity, he was plainly entitled to qualified immunity on the basis of the record. Procunier v. Navarette, 404 U.S. 555 (1978); Bonitz v. Fair, 804 F.2d 164, 166 (1st Cir. 1986); Blackburn v. Snow, 771 F.2d 556 (1st Cir. 1986).
 
 
 23
 Summary judgment was thus properly entered for all three defendants on the claim of illegal incarceration.
 
 
 24
 Summary judgment was also appropriately entered in favor of defendants Cummings and Connolly on Dias' fifth claim for the alleged inadequacies of the prison's legal library. The district court properly concluded that neither of them was shown to have been in a position to correct these inadequacies. Moreover, the government's uncontested submissions indicated that the alleged shortcomings of the prison's legal library namely that the library was not open forty hours a week, that some books were missing or were in need of repairs, that on-site toilet facilities and ventilation were lacking, and that there was not a regular librarian did not reach the level of a violation of Dias' constitutional rights. In spite of these, Dias had regular access to law library materials. The affidavit of Deputy Superintendent for Programs and Treatments John Marshall, the individual most directly involved in the operation of the legal library at MCI-Cedar Junction, also indicated that the institution was attempting to address many of the matters of which Dias complains.
 
 
 25
 Finally, Dias failed to present a factual basis for his sixth claim, that defendant Smith knowingly deprived him of access to his legal mail and property. Smith's submissions denied this. Dias furnished no submissions refuting Smith's affidavit or furnishing support for believing that the property allegedly missing was in Smith's custody or that Smith himself had lost it.
 
 
 26
 Given the above, the district court properly granted summary judgment for the defendants.
 
 
 27
 The judgment of the district court is affirmed in all respects except as to the court's summary dismissal of Dias' Eighth Amendment claim. We vacate the district court's dismissal of this claim and remand the case for further proceedings not inconsistent herewith.
 
 
 28
 So ordered. No costs.