959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John B. DEMPSEY, Plaintiff, Appellant,
v.
MASSACHUSETTS STATE, Defendant, Appellee.
 No. 91-1673.
 United States Court of Appeals,
First Circuit.
 March 31, 1992
 
 John B. Dempsey on brief pro se.
 Nancy Ankers White, Special Assistant Attorney General, and Herbert C. Hanson, Counsel, Department of Correction, on brief for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 John B. Dempsey, pro se, appeals the district court's judgment dismissing as frivolous his 42 U.S.C. § 1983 complaint against the Commonwealth of Massachusetts. Our review is plenary, Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992), and we affirm.
 
 
 2
 Under 28 U.S.C. § 1915(d), a district court may, on its own initiative, dismiss the complaint of a litigant seeking in forma pauperis status if the claims "lack an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991); Fredyma v. AT & T Network Systems, Inc., 935 F.2d 368, 369 (1st Cir. 1991). The statute permits such a dismissal, without notice and before a responsive pleading is filed, when a complaint is premised upon "indisputably meritless legal theory" or "factual allegations ... [that] are clearly baseless." Neitzke, 490 U.S. at 327; cf. id. at 329 ("Under [Fed. Civ. P.] Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss ... and an opportunity to amend the complaint before the motion is ruled upon.") Where, as here, it is absolutely clear that no relief is possible because of dispositive issues of law, the complaint is subject to dismissal under § 1915(d). No amendment, as will appear, could cure the "deficiencies" in this complaint.
 
 
 3
 Dempsey alleges that in January 1991 the clerk of the Massachusetts Superior Court refused to docket and process an appeal Dempsey had attempted to file.[1] The subject of the appeal was two civil commitment orders entered in 1987 and 1989 while Dempsey was in the custody of the Commonwealth pursuant to a 1983 robbery conviction. Although Dempsey's complaint is vaguely couched in terms of a deprivation of access to the courts in violation of 42 U.S.C. § 1983, it is plain that he is seeking a review of the same commitment orders that are involved in his state-court action. For relief, he specifically requests that those orders be reversed and expunged.
 
 
 4
 The district court properly dismissed Dempsey's complaint as frivolous and lacking any arguable basis in law for two reasons. First, as noted below, federal district courts do not sit as "super appellate courts" reviewing errors allegedly committed by a state court. This is so whether the state-court judgment is final, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), or whether, and more forcefully, state proceedings remain pending, as is apparently the case here. See Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986) (and cases cited therein). As Dempsey seeks a "mere revision of errors and irregularities, or of the legality and correctness of a [state-court] judgment", Barrow v. Hunton, 99 U.S. (9 Otto) 80, 83 (1879), and has not brought a "new case arising upon new facts", id., the district court was without subject matter jurisdiction over Dempsey's claims for relief.[2] Feldman, 460 U.S. at 482; see also Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir. 1986).
 
 
 5
 Second, Dempsey's claims against the only named defendant, the Commonwealth of Massachusetts, are jurisdictionally proscribed by the Eleventh Amendment. Massachusetts enjoys sovereign immunity from being sued "directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); § ee also Johnson, 943 F.2d at 108.
 
 
 6
 Since Dempsey's claims are "indisputably meritless", Neitzke, 490 U.S. at 327, because they are inarguable as a matter of law, his complaint is legally frivolous within the meaning of § 1915(d) and, accordingly, was properly dismissed.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 8
 Appellant's pending motion for case status quo report and/or stipulated summary dismissal is denied as moot.
 
 
 
 [1]
 Subsequently, according to Dempsey's brief here, the appeal was docketed in the Superior Court
 
 
 [2]
 Only the United States Supreme Court has the authority to hear appeals from a state's highest court. See 28 U.S.C. § 1257