Davias v. Jordan                         CV-92-543-JD  12/02/92
              UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Erico Davias, a/k/a
Eric E. Davis

        v.                               Civil No. 92-543-JD

Chester L. Jordan, et al.


                          O R D E R


        The plaintiff, Erico Davias filed a complaint seeking

damages under 42 U.S.C.A. §1983 (West 1981).  The Magistrate

reviewed the complaint and issued a Report and Recommendation

holding that Davias' claims were frivolous.  Davias then filed an

objection to the Magistrate's Report and Recommendation making

additional claims.

        Pursuant to 28 U.S.C.A. §1915(d) (West 1966), the court may

review Davias' claims and dismiss them if they are frivolous.  A

frivolous claim is one which has no arguable basis in law or

fact.  Street v. Fair, 918 F.2d 269, 273 (1st Cir. 1990).

        Davias appears to make three claims in his Objection to the

Report and Recommendation of the Magistrate: (1) that he was

compelled to attend a court hearing he did not wish to attend;

(2) that his right to depose his accusers was denied; and (3)

that he was beaten by a bailiff at sometime prior to his trial

date.

The court agrees with the Magistrate's Report and Recommendation and dismisses the first claim. Since there is no constitutional right to depose one's accusers, the court also finds that the second claim is frivolous. See U.S. v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984).

Unlike the first two claims, Davias' third claim that he was beaten by a bailiff is not based on an indisputably meritless legal theory, but rather on a broadly drawn theory of excessive force as a violation of the Eighth Amendment. In certain severe circumstances, the unjustified striking, beating, or infliction of bodily harm upon prisoners may give rise to a claim under 42 U.S.C.A. §1983. See e.g., Johnson v. Glick, 481 F.2d 1028, 1032 (2nd Cir. 1973), cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973) (prisoner denied medical attention for injury caused by guard's blow to head with something enclosed in his fist); Unwin v. Campbell, 863 F.2d 124, 127 (1st Cir. 1988) (prisoner held with face to floor and struck repeatedly with night sticks and fists and forced into corner of cell near a toilet). If indeed Davias is alleging treatment so severe so as to rise to this standard, then he may have a valid claim under the statute. See Martinez v. Rosado, 614 F.2d 829, 832 (1st Cir. 1980) (prisoner alleged severe unprovoked beating raised question of fact for trial).

Accordingly, the court dismisses Davias' first two claims and gives Davias leave to amend his complaint in reference to the third claim. The amended complaint must be filed by January 4,

1983.  Failure to do so may result in dismissal of the plaintiff's claim.

**SO ORDERED.**

 

_____
Paul Barbadoro
United States District Judge

December 2, 1992

cc:   Erico Davias, pro se