69 F.3d 531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Danny M. ROSS, Plaintiff, Appellant,
v.
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, Defendant, Appellee.
 No. 94-2243.
 United States Court of Appeals, First Circuit.
 Nov. 6, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge]
 Danny M. Ross on brief pro se.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Danny M. Ross filed a 42 U.S.C. Sec. 1983 action pro se and in forma pauperis against the Massachusetts Commission Against Discrimination (MCAD) alleging that MCAD had deprived him of due process of the law by mishandling his complaint of employment discrimination. He sought damages in the amount of $500,000 for alleged monetary losses, emotional and mental distress.
 
 
 2
 The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d), inasmuch as the Eleventh Amendment indisputably bars actions for money damages against an arm of the Commonwealth in the absence of a waiver. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Johnson v. Rodriguez, 943 F.2d 104, 109 (1st Cir.1991) (as a state agency, MCAD is immune from a Sec. 1983 action), cert. denied, 502 U.S. 1063 (1992); see also Neitzke v. Williams, 490 U.S. at 319, 325 (1989) (a district court should dismiss a claim as frivolous under Sec. 1915(d) where the defendant is clearly immune from suit). The court also denied, as "moot," a motion to amend the complaint which Ross filed almost a month after the dismissal. This appeal followed.[1]
 
 
 3
 Ross argues that the court did not read his complaint liberally enough because his additional prayer, for "such other relief as this court deems fit," might have included an injunction. He also challenges the denial of an opportunity to amend the complaint.
 
 
 4
 Dismissals for frivolousness under 28 U.S.C. Sec. 1915(d) are reviewed only for abuse of discretion, "taking into account the liberal pleading standards applicable to complaints filed by pro se plaintiffs." Watson v. Caton, 984 F.2d 537, 539 (1st Cir.1993) (citing Denton v. Hernandez, 504 U.S. 25 (1992)). There was no abuse in the court's failure to conjure up all conceivable unpled allegations to save a legally baseless complaint. See McDonald v. Hall, 610 F.2d 16, 19 (1st Cir.1979). Nor was the court required to provide an opportunity to amend prior to dismissing a complaint which had no arguable basis in the law. See Street v. Fair, 918 F.2d 269, 272 (1st Cir.1990). Dismissal of a complaint for frivolousness due to a lack of subject matter jurisdiction is not a dismissal "on the merits." Id. Under Sec. 1915(d), too, it does not prejudice the filing of a "paid" complaint. Denton, 504 U.S. at 34.
 
 
 5
 The judgment is affirmed. Appellant's "Motion for review by U.S. Attorney General and for allowance of Supplemental Reading" is denied.
 
 
 
 [1]
 In light of the disposition of this appeal, we need not inquire into the timeliness of Ross' challenge to the initial dismissal