USCA1 Opinion

 

 November 6, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2243  DANNY M. ROSS, Plaintiff, Appellant, v. MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Danny M. Ross on brief pro se. _____________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Danny M. Ross ___________ filed a 42 U.S.C. 1983 action pro se and in forma pauperis ___ __ __ _____ ________ against the Massachusetts Commission Against Discrimination (MCAD) alleging that MCAD had deprived him of due process of the law by mishandling his complaint of employment discrimination. He sought damages in the amount of $500,000 for alleged monetary losses, emotional and mental distress.  The district court dismissed the complaint as frivolous under 28 U.S.C. 1915(d), inasmuch as the Eleventh Amendment indisputably bars actions for money damages against an arm of the Commonwealth in the absence of a waiver. See ___ Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 ____ ________________________________ (1989); Johnson v. Rodriguez, 943 F.2d 104, 109 (1st Cir. _______ _________ 1991) (as a state agency, MCAD is immune from a 1983 action), cert. denied, 502 U.S. 1063 (1992); see also Neitzke ____________ ________ _______ v. Williams, 490 U.S. at 319, 325 (1989) (a district court ________ should dismiss a claim as frivolous under 1915(d) where the defendant is clearly immune from suit). The court also denied, as "moot," a motion to amend the complaint which Ross filed almost a month after the dismissal. This appeal followed.1  Ross argues that the court did not read his complaint liberally enough because his additional prayer, for  ____________________ 1. In light of the disposition of this appeal, we need not inquire into the timeliness of Ross' challenge to the initial dismissal.  "such other relief as this court deems fit," might have included an injunction. He also challenges the denial of an opportunity to amend the complaint. Dismissals for frivolousness under 28 U.S.C.  1915(d) are reviewed only for abuse of discretion, "taking into account the liberal pleading standards applicable to complaints filed by pro se plaintiffs." Watson v. Caton, 984 ___ __ ______ _____ F.2d 537, 539 (1st Cir. 1993) (citing Denton v. Hernandez, ______ _________ 504 U.S. 25 (1992)). There was no abuse in the court's failure to conjure up all conceivable unpled allegations to save a legally baseless complaint. See McDonald v. Hall, 610 ___ ________ ____ F.2d 16, 19 (1st Cir. 1979). Nor was the court required to provide an opportunity to amend prior to dismissing a complaint which had no arguable basis in the law. See Street ___ ______ v. Fair, 918 F.2d 269, 272 (1st Cir. 1990). Dismissal of a ____ complaint for frivolousness due to a lack of subject matter jurisdiction is not a dismissal "on the merits." Id. Under ___ 1915(d), too, it does not prejudice the filing of a "paid" complaint. Denton, 504 U.S. at 34. ______ The judgment is affirmed. Appellant's "Motion for ________ review by U.S. Attorney General and for allowance of Supplemental Reading" is denied. _______ -3-