USCA1 Opinion

 

 February 9, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-2194 RONALD L'HEUREUX, Plaintiff, Appellant, v. LEO ASHTON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Ronald L'Heureux on brief pro se. ________________ ____________________ ____________________ Per Curiam. Appellant Ronald L'Heureux, an inmate __________ at the Adult Correctional Institution in Rhode Island, filed a 42 U.S.C. 1983 action in Rhode Island's federal district court, along with a motion to proceed in forma pauperis. The _________________ complaint, besides naming the parties and citing the jurisdictional bases of the action, contains only conclusory references to the nature of appellant's claims. It essentially alleges that (1) defendants (various correctional officials) manufactured disciplinary proceedings against appellant, (2) appellant spent 120 days in lock-up, (3) appellant was denied reclassification, and (4) at least some of these actions were taken for the purpose of discrimination and retaliation. The district court denied the request to proceed in __ forma pauperis, stating on the back of the application that _______________ "the allegations are insufficient to set forth a federal cause of action." The next day, judgment was entered for the defendants. Thus, the only reason given for dismissing the complaint is the above-quoted language. We construe this as a dismissal under 28 U.S.C. 1915(d). Appellant then filed a motion for relief from judgment and to amend the complaint, and a motion to reconsider the denial of in forma pauperis _________________ status. The amended complaint added allegations concerning the events upon which appellant based the action. The district court denied these motions. This appeal ensued and -2- appellant now requests permission to proceed in forma _________ pauperis on appeal. ________ Despite its brevity, the complaint should not have been dismissed under 1915(d) without first giving appellant notice of the deficiency and an opportunity to amend. See ___ Neitzke v. Williams, 490 U.S. 319, 329-30 (1989) (emphasizing _______ ________ the importance of providing opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying litigants); Street v. Fair, 918 F.2d 269, 273 (1st Cir. 1990) (per ______ ____ curiam) (where the complaint's deficiency conceivably could be cured by amendment, an indigent plaintiff must be given a chance to supplement his or her allegations before any dismissal on the merits). Particularly in view of the allegations in the amended complaint, we cannot say that appellant will be unable to state a cognizable claim. In the amended complaint, appellant specifically alleges that prison officials retaliated against him for acting as a jail-house lawyer. This court and others have recognized such claims. See, e.g., McDonald v. Hall, 610 ___ ____ ________ ____ F.2d 16, 18 (1st Cir. 1979) (inmate who asserted that as a result of his activities as a jail-house lawyer on behalf of himself and others, he was transferred to another prison stated a claim even though the allegations were conclusory); Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993) _____ _______ -3- (government official may not retaliate by the use of segregation against an inmate who engages in the constitutionally protected conduct of assisting others as a jail-house lawyer); Rizzo v. Dawson, 778 F.2d 527, 531-32 _____ ______ (9th Cir. 1985) (the assertion that an inmate's transfer was in retaliation for his work as a jail-house lawyer stated a claim for violation of the First Amendment where the retaliatory act did not advance legitimate institutional goals). Although the chronology still is vague so that it is not clear whether appellant's activities triggered the disciplinary proceedings, such an omission goes to the failure to state a claim, not frivolousness. See Leonardo v. ___ ________ Moran, 611 F.2d 397, 398 (1st Cir. 1979) (plaintiff failed to _____ state a 1983 claim for retaliation based on the conclusory allegation that due to earlier filed grievances in the United States district court, he was transferred to maximum security and denied access to the courts; plaintiff failed to show that "but for" the grievances, he would not have been transferred). Appellant's allegations that he was transferred to segregation for the possession of legal mail and for his activities as a jail-house lawyer sufficiently implicate the First Amendment and overcome the characterization of the complaint as frivolous. We therefore grant appellant's motion to proceed in __ forma pauperis on appeal, summarily vacate the judgment of ______________ -4- the district court, and remand for further proceedings. See ___ Local Rule 27.1. The discussion herein alerts appellant to the elements of a viable retaliation claim. Appellant may not depend merely on vague and general allegations. See ___ Gooley v. Mobil Oil Corp., 851 F.2d 513, 514-15 (1st Cir. ______ ________________ 1988). Vacated and remanded. ____________________ -5-