HENRY, J.,
concurring in part and dissenting in part.
I join the majority in affirming the district court’s dismissal of the due process and conspiracy claims. However, because Mr. Longyear’s religious discrimination claim is not frivolous, and because I believe that Mr. Longyear’s pro se appellate brief should be read to challenge the dismissal of that claim with prejudice, I would vacate and remand with instructions to dismiss that claim without prejudice.

Three Aspects of the District Court’s Disposition of the Religious Discrimination Claim

Although the district court characterized its handling of the religious discrimination *882 claim by saying simply that the claim is “dismissed as frivolous,” Order at 3, its disposition logically involves three separate steps: (1) dismissing the claim as legally deficient, (2) attaching prejudice, and (3) declaring the claim to be frivolous. Each of these choices by the district court must be analyzed separately.

1. Dismissal of the Religious Discrimination Claim

The district court dismissed Mr. Longyear’s complaint as frivolous under 28 U.S.C. § 1915(e)(2)(b)(i). Although our prior cases have stated that our review of dismissals on grounds of frivolousness is for an abuse of discretion, “[review under] the deferential ‘abuse of discretion’ standard ... cannot be understood entirely literally. En route to determining that a claim is frivolous, the district court must determine whether it is legally insufficient, an issue purely of law on which appellate review is plenary.” Billman v. Indiana Dep’t of Corrections, 56 F.3d 785, 787 (7th Cir.1995); see also Johnson v. Rodriguez, 943 F.2d 104, 107 n. 2 (1st Cir.1991) (“While suggestive of the standard for dismissal under Fed.R.Civ.P. 12(b)(6), the standard under section 1915(d) is more rigorous.”); Street v. Fair, 918 F.2d 269, 273 (1st Cir.1990) (“Although [plaintiffs] conclusory allegations in this regard arguably run afoul of Rule 12(b)(6), the claim would appear nonfrivolous.”).
The “route” that we must travel, therefore, starts with a de novo legal determination of sufficiency and then proceeds to a deferential review of frivolousness. Legal sufficiency is a threshold issue. Thus, when the majority concludes that “the district court did not abuse its discretion in dismissing this claim,” Maj. at 881, it seems to suggest that the complaint was legally insufficient. Our decision in McWilliams v. Colorado, 121 F.3d 573 (10th Cir.1997), cited by the majority, is not to the contrary. There, we stated: “We review the district court’s § 1915(e) dismissal for an abuse of discretion,” id. at 574-75, but we then reviewed whether the complaint at issue was frivolous. We determined that one of the plaintiffs claims was frivolous because it was “duplicative of his earlier action,” id. at 575, and we affirmed on sovereign immunity grounds the finding of frivolousness of the plaintiffs remaining claim. Id. We did not, therefore, apply an abuse of discretion standard to the legal question of the adequacy of the pleadings. In short, the abuse of discretion standard applies exclusively to our review of the finding of frivolousness, a question that should be reached only if we have first concluded on de novo review that the complaint is legally deficient.
Because Mr. Longyear is proceeding pro se, we construe his pleadings liberally. See Haines v. Kemer, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Cummings v. Evans, 161 F.3d 610, 613 (10th Cir.1998). On the appropriate standard of review, I find it difficult to agree that the complaint, construed liberally, failed to state a claim.

2. Attaching Prejudice to the Dismissal

Even assuming arguendo that Mr. Longyear’s original complaint was deficient, though, I agree with the majority that Mr. Longyear has provided on appeal additional factual allegations that would have allowed him to avoid dismissal for failure to state a claim. Maj. at 881. In light of these allegations, the district court’s dismissal with prejudice raises serious concerns.
We have before us a legal document that Mr. Longyear has submitted, the A-12 form, appealing the dismissal of his claim. If, in that hand-written submission, Mr. Longyear failed to state separately that he was not only challenging the dismissal but *883 also the dismissal with prejudice, then surely that distinction is covered by Haines, which recognized that “we hold [pro se complaints] to less stringent standards than formal pleadings drafted by lawyers.” 404 U.S. at 520. I see no reason why pro se litigants would be any more skilled at writing appellate briefs than they are at drafting complaints, responding to motions for summary judgment, etc. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir.2003) (“Because [the plaintiff] proceeds pro se, we construe his pleadings liberally. We therefore read his appellate brief as challenging the district court’s five dispositive rulings.”) (citation omitted).
Obviously, therefore, I agree with the majority’s statement that “[w]e believe ... that it was not appropriate for the district court to have dismissed Longyear’s complaint with prejudice.” Maj. at 881. As this court stated in Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990): “Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant’s ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable.” It is true that Mr. Longyear did not request leave to amend in a post-judgment motion. Maj. at 881. At most, however, that implies that we should not remand with leave to amend. The question here is whether the complaint should be dismissed with prejudice.
Because Mr. Longyear appealed the district court’s dismissal of his complaint, I believe that he necessarily also appealed the attachment of prejudice to that dismissal. Therefore, we should remand with instructions to dismiss his religious discrimination claim without prejudice.

3. Frivolousness

To clarify the scope of our review, I reiterate that a civil rights complaint accompanied by a motion to proceed in for-ma pauperis is reviewed under 28 U.S.C. § 1915. A civil complaint filed by a prisoner seeking redress from a governmental entity is reviewed under 28 U.S.C. § 1915A. Both statutes apply here. Under either statute, a district court must dismiss the complaint prior to service if it is frivolous or malicious. See § 1915(e)(2)(B)©; § 1915A(b)(l).
As to the standard of review we apply, “this court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion.” Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir.2000). However, because we review a dismissal for frivolousness under § 1915(e)(2)(B)© for an abuse of discretion, I will use that standard here.[1]
Under § 1915(e)(2)(B)®, district courts have the “unusual power to pierce the veil of the complaint’s factual allegations and dismiss those claims whose factual conten *884 tions are clearly baseless.” Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (construing former § 1915(d)). Nonetheless, a district court may not dismiss a complaint as frivolous “simply because the court finds the plaintiffs allegations unlikely.” Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).
Furthermore,
the ... frivolousness determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts[,] ... [and] a court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.
Id. at 32-33 (internal quotation marks and citations omitted) (emphasis added). Under this standard, a claim is legally baseless if it alleges the infringement of a legal interest that does not exist or if the named defendants are clearly entitled to immunity. Neitzke, 490 U.S. at 327.
The Denton Court also made it clear that in reviewing a dismissal for frivolousness under the abuse of discretion standard, we should consider “whether the plaintiff was proceeding pro se; whether the court inappropriately resolved genuine issues of disputed fact; whether the court applied erroneous legal conclusions; whether the court has provided a statement explaining the dismissal that facilitates ‘intelligent appellate review[1]; and whether the dismissal was with or without prejudice.” 504 U.S. at 34 (citations omitted). Several of the factors prominently in play in this case (pro se status, legal errors, the extent of the district court’s analysis, and dismissal with prejudice) are thus important factors to consider in determining whether the district court abused its discretion.
In light of the above standards, I cannot agree that Mr. Longyear’s allegations even begin to approach the standard of frivolousness. See Complaint at 4 (“The Utah Board of Pardons does consider ... the inmates membership in, desire to support, ... and recommendations the inmate receives from the Church of Jesus Christ of Latter Day Saints.”). Indeed, Mr. Longyear’s appellate brief contains two factual allegations that can hardly be called fanciful or delusional: 1) that, in 1996, an agency of the Utah state government issued a report in which it found that Mormon inmates served shorter terms in prison than non-Mormons, and 2) that, in 1999, the chairman of the Utah Board of Pardons and Parole admitted that he allowed an inmate’s affiliation with the Church of Jesus Christ of Latter-Day Saints to influence his parole decision.[2]
“Prisoners have been held to enjoy substantial religious freedom under the First and Fourteenth Amendments.” Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The facts alleged by Mr. Longyear, if true, lend support to his claim that his religious affiliation disadvantaged him in his dealings with the state of Utah. His religious discrimination claim alleges the infringement of a recognized legal interest and is, therefore, not frivolous.

Conclusion

Accordingly, I would hold that the district court erred in dismissing Mr. Lon *885 gyear’s religious discrimination claim with prejudice and as frivolous.

. As to the standard of review we apply to a dismissal for frivolousness under § 1915A, I believe we need not decide which standard applies here because I believe the result would be the same under either standard. See Plunk, 234 F.3d at 1130.
We have noted in an unpublished disposition, however, that because the PLRA removed the discretionary language regarding dismissal for frivolousness (now mandating such a dismissal upon conclusion that the litigation is frivolous), it is "question[able] whether abuse of discretion is now the correct standard to apply.” Basham v. Uphoff, No. 98-8013, 1998 WL 847689, at *4 n. 2 (10th Cir. Dec.8, 1998) (unpublished disposition) ("[A] determination of frivolousness may now be subject to de novo review.”); see also McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) (adopting, after considering the effect of the PLRA, the de novo standard of review).

. I note that Mr. Longyear’s original complaint, cited by the majority at 880-881, asserted that this occurred in 1997, whereas his appellate brief asserts that the date of this action was 1999. A-12 at 32. For present purposes, however, that difference is not at issue.